ALASKA TRUCK TRANSPORT, INC., and Douglas Lantz, Appellants,

v.

INTER–ALASKA CREDIT SERVICE, INC., Appellee.

No. 487.

Supreme Court of Alaska.

Dec. 28, 1964.

Douglas Lantz, in pro. per.

No appearance for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

This is an appeal from an order of the superior court denying appellants' motion to set aside a default judgment.

In the proceedings below the appellant Douglas Lantz represented himself and the appellant Alaska Truck Transport, Inc. Lantz and his wife are the controlling stockholders in that corporate appellant.

The action was commenced in April of 1963 by the filing by the appellee of a complaint against appellants alleging six separate causes based on accounts owing by the appellants to persons and companies who had assigned to appellee for collection. Appellants answered setting out six separate defenses and a counterclaim.

The case was set for trial during the week of September 16, 1963, but was postponed at the request of appellant Lantz for the reason that he was required to be in Juneau to testify at a rate hearing. It was then set for trial during the week of November 18, 1963. Notice of the latter trial date was sent to appellant Lantz' post office box address by registered mail, but was not picked up by him or his wife and was eventually returned to the Clerk of Court

unclaimed. Further attempts were then made to set the case for trial.

Appellant Lantz contends that the court calendar clerk agreed with him that it could be arranged to have the case tried on December 19th or 20th after his return from Chicago. Appellee's affidavit states that at appellant Lantz' request the trial was postponed until the week commencing on Monday, December 16, 1963, and was set for the call of the calendar on Friday, December 13, 1963. The case was tried on December 17, 1963, and a default judgment entered against the appellants, individually and severally, in the total amount of $3,437.27.

Appellants then employed an attorney who moved to set aside the default judgment and filed a memorandum in support of the motion. The motion was denied on February 14, 1964.

Appellants' brief on appeal was prepared by the appellant Douglas Lantz without the aid of counsel. In their brief appellants deny liability and claim to have meritorious defenses to four of the six accounts. They admit liability on the remaining two accounts.

In considering appellants' request to set aside the default judgment the trial court considered Civil Rule 55(e) which provides in part that the court may:

"For good cause shown * * * set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Rule 60(b) provides in pertinent part that:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons:

"(1) mistake, inadvertence, surprise or excusable neglect."

This court has held that relief from a judgment is addressed to the sound discretion of the trial court and that that

court's ruling will not be disturbed except upon a showing of abuse of discretion.[1]

Appellants have not made any attempt in their brief to show an abuse of discretion by the trial judge in denying their motion.

The affidavit of appellee states unequivocally that on November 21, 1963, the case was continued to the week of December 16, 1963, at appellants' request, and was set for the call of the calendar on December 13, 1963; that on such call of the calendar, the case was designated as case No. 4 before Judge Gilbert and that no person appeared on behalf of appellants at the time the calendar was called.

Appellant Lantz' affidavit states that he was aware that the case would be set on the call of the trial calendar on the 13th day of December 1963 and goes on to allege:

"and that the Calendar Clerk informed your affiant that the said matter would be set for the week of December 16, 1963; that your affiant requested that the case be heard on the 19th or 20th day of December, 1963, for the reason that he would be out of the State of Alaska until the 19th day of December, 1963; that the calendar clerk than [sic] and there informed your affiant that this could probably be arranged; that your affiant has learned that the case was heard on the 16th day of December, 1963; that your affiant had no notice of this hearing."

In weighing the two affidavits we observe that appellants admittedly knew that the case was to be set on the call of the trial calendar on Friday, December 13th and that it would be set for trial during the week commencing Monday, December 16th. Appellants allege that they requested that the case be heard on December 19th or 20th and that the calendar clerk advised "that this could probably be arranged".

The trial judge may or may not have ygiven full credence to appellants' affidavit. Even if he gave it full credence he had to be aware of the fact that the calendar clerk did not give appellants full assurance that their request would be granted and that appellants made no effort to follow through on the request.

In view of all of the facts and circumstances we believe that the trial judge had a reasonable basis for refusing to set aside the default judgment. There was no abuse of discretion.

The order of the trial court denying appellants' motion to set aside the default judgment is affirmed.

1. Parks v. Brown, 368 P.2d 220, 222 (Alaska 1962).