256 A.2d 214.
HOPE E. SHANNON *vs.* NORMAN BLOCK, INC. *et al.*

JULY 31, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a negligence action wherein the defendant corporation appeals from an order of the superior court denying its motion to remove a default judgment entered against it and recall an execution issued pursuant to the judgment. The defendant bases its motion on the ground that the judgment was void because the sheriff's service of process was improper and not in conformity with the law.

Norman Block, Inc. is a Rhode Island corporation which operates a taxicab service in the city of Providence. On September 23, 1966, a cab driven by Ronald DeSiderato was involved in a collision with an automobile owned and operated by John E. Powers. The police were summoned. Their report, which is part of the record, states that no one was injured and fails to mention any passenger being in the cab. Nevertheless, plaintiff claims that she was a passenger and sustained injuries to her back when the

vehicles collided. She instituted this suit for negligence on April 13, 1967, joining as defendants Norman Block, Inc., the cab driver and Mr. Powers. No entry of appearance or plea was entered by or on behalf of the cab driver[1] or the corporation. Thereafter defendant corporation was properly defaulted. Proof of claim was made and judgment was entered for plaintiff in the sum of $1045. Execution then issued and was presented to the sheriff for service. This motion followed.

The motion was heard before a justice of the superior court who, in denying relief, found that the service of process was valid under rule 4(d)(3) of the rules of civil procedure of the superior court and further declared that defendant had failed to set forth a meritorious defense to the action. After careful review of the record, however, we believe that defendant's motion should have been granted.

The original return read:

"I hereby certify that on the 8th day of April A.D. 1967, I served a copy of this summons and a copy of the complaint received therewith upon Norman Block, Inc. in the following manner:

"By leaving a copy of the summons and complaint at his dwelling house, 157 Sprague Avenue, Warwick, Rhode Island, with a person of suitable age and discretion then residing therein, his daughter."

At the outset of the hearing in the superior court, plaintiff moved to amend the sheriff's return. The defendant offered no objection to the amendment. The amended return reads as follows:

"I hereby certify that on the 8th day of April, 1967 I served a copy of this summons and a copy of the complaint received therewith upon Norman Block, Inc.,

---

[1]The driver's whereabouts are unknown. The plaintiff has taken no action to default him. Mr. Powers, the owner and operator of the other automobile, filed an answer. The plaintiff's claim against this defendant is still pending.

157 Sprague Avenue, Warwick, R. I. in the following manner:

"By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely Sondra Friedman. Such agent was one designated by statute to receive service.

"She being a director and general agent for said corporation, and, according to her statement to me, authorized to accept service therefore."

While we are somewhat concerned about the validity of a judgment which has been entered after the patently defective original service, we shall forego any discussion of this issue because the corporate defendant has seen fit to focus its attack on the amended return.

The sole witness at the hearing was Sondra Friedman, the daughter of Norman Block. She admitted that the sheriff served a copy of the summons and complaint upon her in her Warwick home. Her testimony taken in conjunction with various documents in the record showed the following facts:

Norman Block, Inc. commenced as a corporate entity in 1956.[2] Its incorporators were Sondra, her father Norman Block, and Mrs. Block. The corporation did business as the Silver Top Cab Company. Its main office was 494 Valley Street in Providence. In 1964 the corporation's annual report listed Sondra as a director whose term would expire on January 13, 1965. Her address was shown as 228 Ivy Street in Providence. The police report of the accident

---

[2]It is conceded that pursuant to the provisions of G. L. 1956, §7-2-16, as amended, the corporation had appointed a person as its attorney for service of process. He is a lawyer who is an associate of plaintiff's counsel. While the appointment remains unrevoked, plaintiff did not serve her counsel's associate but instead had the sheriff serve Sondra Friedman. Counsel for plaintiff explained that they knew that their associate no longer represented the cab company and in those circumstances felt it was inappropriate to serve the statutory agent.

lists the taxicab involved in the collision as being registered to the corporation at Sondra's Warwick address. Norman Block, who operated the corporation since its inception, died in October 1965. Thereafter, his widow took over the operation of the company. She lives in Providence.

Sondra denied having any association with Norman Block, Inc. other than serving as an incorporator and affording her mother some "moral support" after her father's death. She was surprised to learn on cross-examination that she had been listed as a director on the 1964 annual report and that the cab was registered to her home address. She said that she had never attended any meeting concerning the corporation nor had she ever undertaken any activity on its behalf. She showed very little knowledge of corporate affairs and denied ever serving as an officer. She noted that her father had never discussed any business matters with her. She said that after receiving the summons from the sheriff, she immediately forwarded it to her mother's insurance agent. She did this to avoid bothering her mother, who had not been feeling well at the time. Sondra did not mention the pending suit to her mother, assuming that the matter had been taken care of by the agency. Regarding the appearance of her name as a director of the corporation, she noted that at the time the annual report for 1964 was filed, she had not lived at the Ivy Street address for approximately three years. Furthermore, she could not understand why the vehicle was registered from her home and indicated that it should have been registered from the Silver Top Cab office.

The pertinent portion of rule 4(d)(3) which specifies the method of effecting service upon a corporation reads as follows:

> "(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

"\* \* \*

"(3) Upon a private corporation, domestic or foreign, by delivering a copy of the summons and complaint to an officer, a managing or general agent, or by leaving a copy of the summons and complaint at an office of the corporation with a person employed therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given."

At the conclusion of the hearing, the trial justice decided that Sondra was a "director" of the Block corporation and that her home was "an office" of the corporation. We disagree with both of these conclusions.

The court in its decision observed that in vacating a default judgment "\* \* \* there must be two things: the judgment was entered by mistake \* \* \* or unforeseen cause — I forget now the exact words — \* \* \* and that there is a good defense." The trial justice in making these observations misconceived the true nature of the motion before him. The court's misconception in this case may be attributed, at least in part, to certain actions of defendant. Nowhere in its motion does the corporation refer to any specific provision of the superior court rules of civil procedure or to any statutory enactment as a grounds for the relief it seeks in the present case. Actually relief from a void judgment is afforded a litigant by the terms of rule 60 (b) (4). The corporation further muddied the waters by including with its motion an affidavit of meritorious defense. As will be observed further in this opinion, such a document adds nothing to the motion. This court knows of the voluminous amount of motions that come before a justice sitting on the superior court motion calendar. We believe that it is incumbent upon counsel to direct the trial court's attention to the specific statute or rule on which the movant relies

as it seeks to remove a default. Such information will undoubtedly assist the court in his consideration of the motion.

Rule 60(b)(4) which permits a party to attack a judgment on the ground that it is void brings something new to Rhode Island practice. It allows a person to attack a void judgment without the necessity of instituting an independent equitable action. A motion to remove a default which contends that a judgment is void is one which is *not* addressed to the court's discretion. A judgment is either valid or it is not and discretion plays no part in resolving the issue. 3 Barron & Holtzoff, *Federal Practice and Procedure,* §1327, (Wright ed. 1958) at 412; *Emery* v. *Emery,* 404 P.2d 745 (Wyo. 1965). Furthermore, rules relating to service of process are to be followed and construed strictly since jurisdiction of the court over the person of a defendant is dependent upon proper service having been made. See *Geyer* v. *Callan Constr. Co.,* 81 R. I. 247, 101 A.2d 876; *Home Savings Bank* v. *Rolando,* 57 R. I. 205, 189 A. 27.

It has long been the law of this jurisdiction that while an officer's return is conclusive proof that service has been made, there is no such presumption as to the validity of such service. The return is conclusive only of what the officer did. *Angell & Son* v. *Bowler,* 3 R. I. 77. As to those statements, the return may not be contradicted. An officer's statement in a return as to other matters or conclusions of fact or law which he may put in a return are not conclusive; they may be treated as surplusage and contradicted by an appropriate plea. *Turks Head Tailoring Co.* v. *Anthony,* 38 R. I. 7, 94 A. 857.

To have a valid service in this case, there must be some evidence in the record which shows that on April 8, 1967, Sondra Friedman was an "officer" of the corporation or that she was "employed" by the corporation when the sheriff

served the process at the alleged corporate office (her home).

The only evidence in the record which has Sondra playing a role in defendant's corporate affairs was a 1964 annual report which listed her as a director whose term was to expire in January 1965. There is nothing in the evidence to show that she was ever reappointed to any subsequent term—especially in or for the year 1967. We are aware of our holding in *Goff* v. *Craft's, Inc.,* 67 R. I. 11, 20 A.2d 520, wherein we held that in a negligence action the admission into evidence of a corporation's annual report for the year 1938 was permissible to support an inference that the directors who were listed thereon were also the corporate directors on the date of the accident in 1937. However, on the facts in this case we do not believe that an annual report which indicated Sondra's term as director had expired approximately two years before the service of process can give rise to an inference that Sondra was a proper person upon whom service of process could be made.

We would also point out that rule 4(d)(3) says service will be made on "an officer" of the corporation. It makes no mention of service upon a "director." Because we believe that there is no evidence to meet the threshold requirement of showing Sondra was at least a director on the day service was made, any discussion whether the term a "director" is synonymous with the term "officer" as used in the rule would best be left to another time.

Nor can we find in the record anything which would indicate that on April 8, 1967, Sondra was "employed" by the corporation. We therefore are of the opinion that the amended service of process has not satisfied the requirements of rule 4. The process being defective, the judgment is a nullity.

This brings us to the superior court's comment as to the

defendant's failure to assert a meritorious defense. We acknowledge that in cases wherein a default judgment is sought to be set aside on the grounds of accident, mistake, unforeseen cause and excusable neglect, it is a well-established rule that before relief is granted, the moving party must show the court that he has a prima facie meritorious defense which he desires in good faith to present at the trial. It is also well settled that there is no necessity to make any showing of a meritorius defense where a litigant moves to vacate a void judgment. If the judgment is void, the movant has an unqualified right to relief. 7 Moore's, *Federal Practice,* §60.25[2], at 264; *Hicklin* v. *Edwards,* 226 F.2d 410; *Schwarz* v. *Thomas,* 222 F.2d 305.

The defendant's appeal is sustained, the judgment appealed from is vacated and the case is remitted to the superior court for further proceedings.

*Haig Barsamian, Angelo Cianciarulo,* for plaintiff.

*John S. Brunero,* for defendant.