Luther R. AGUCHAK and Ida C. Aguchak,
Appellants,

v.

MONTGOMERY WARD CO., INC.,
Appellee.

No. 1940.

Supreme Court of Alaska.

April 1, 1974.

Christopher R. Cooke, Alaska Legal Services Corp., Bethel, R. Brock Shamberg, Alaska Legal Services Corp., Anchorage, for appellants.

Karl S. Johnstone, Nesbett & Johnstone, Anchorage, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

BOOCHEVER, Justice.

The Aguchaks have appealed from the refusal of the district and superior courts to set aside a default judgment obtained against them by Montgomery Ward in the sum of $988.28 plus costs. The action was commenced in the District Court, Third Judicial District at Anchorage, Alaska. The Aguchaks received service of summons by mail at their residence in the remote village of Scammon Bay, Alaska. Although the case concerns but a small sum, the structure and basic procedures of the Alaska small claims system are brought under constitutional scrutiny by this conflict between the interests of an urban creditor and a "bush" debtor (we use the term "bush" to refer to those sparsely-inhabited, minimally-accessible areas of the state which participate only marginally in the urban money economy).

In late 1970, Luther and Ida Aguchak purchased a snowmobile and a freezer from the Montgomery Ward store in Anchorage. In order to pay for the purchases, Luther applied for and received credit on a Montgomery Ward Charge-All account. This account bears interest at an annual percentage rate of 18 percent as computed by the truth-in-lending formula. The Aguchaks, who are station agents for Wien Consolidated Airlines, reside in Scammon Bay, Alaska, a remote Eskimo village which had a 1970 census population of 166. The Aguchaks had a 1971 income of $5,470.50; they have two children (at the time of filing an affidavit of indigency, Mrs. Aguchak was also pregnant). Their assets consisted of a 16′ by 12′ frame house, the snowmobile, and the freezer; and liabilities in the amount of $1,800.00 were listed.

Although the Aguchaks live in the Second Judicial District, Montgomery Ward filed a small claims action [1] against them for $988.28 in the Anchorage District Court (Third Judicial District) when, according to Ward's records, the Aguchaks fell behind in payments. The Aguchaks were served with summonses by mail in Scammon Bay in mid-November 1971. The summonses required the personal presence of the Aguchaks in the district court on December 27, 1971, under pain of entry of default judgment. The summonses did not mention the option of filing a written pleading.

Scammon Bay is approximately 500 miles from Anchorage and is accessible only by air. Round-trip airfare from Scammon Bay to Anchorage for one person is $186.00, and poor connections necessitate at least one overnight stopover in Bethel.

The Aguchaks did not appear in Anchorage, and default judgment was taken against them in the amount of $1,024.15. Subsequently, the entirety of the Aguchaks' December 1971 and January 1972 wages were taken under writ of execution in partial satisfaction of the judgment. This execution is not a subject of the appeal.

The Aguchaks moved, *inter alia*, for relief from judgment pursuant to Civ.R. 60(b)(4) [2] on the grounds that the court

---

1. AS 22.15.040 establishes a procedure for handling small claims as follows:

 When a claim for relief does not exceed $1,000 exclusive of costs, interest and attorney fees, and request is so made, the district judge or magistrate shall hear the action as a small claim unless important or unusual points of law are involved. The supreme court shall prescribe the procedural rules and standard forms to assure simplicity and the expeditious handling of small claims.

2. Civ.R. 60(b)(4) provides:

 (b) On motion and upon such terms as are just, the court may relieve a party or his

lacked personal jurisdiction over them and that the proceedings denied them due process of law. The motion was denied by the district court on March 28, 1972. On appeal to the superior court, the decision was affirmed. Notice of appeal to this court was seasonably filed.

We first consider the standards to be applied to a motion for relief under Civ.R. 60(b)(4), which is identical to the similarly-numbered section of the Federal Rules of Civil Procedure. A judgment is void and subject to attack under F.R.Civ.P. 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant,[3] or if it acted in a manner inconsistent with due process of law.[4] Although under other subsections of Rule 60(b) the movant must show that denial of the motion below was an abuse of discretion in order to prevail on appeal, no question of the lower court's discretion is presented by a Rule 60(b)(4) motion because the validity of a judgment is strictly a ques-

tion of law.[5] Nor need the movant show that he could present a meritorious defense in a subsequent proceeding, again because a void judgment is entitled to no respect whatever.[6] The Aguchaks have the burden of demonstrating want of jurisdiction or a denial of due process.

We note at the outset that this case is properly before us at this time because denial of a motion to set aside a judgment is a final, appealable order.[7]

The Aguchaks initially argue that AS 22.15.070,[8] which appeared to limit the district court's territorial jurisdiction prior to a 1972 amendment expressly conferring statewide jurisdiction,[9] restricted the exercise of in personam jurisdiction by Alaska district courts to those parties found within the judicial district at the time of service of process. Against this argument Ward arrayed the statute conferring statewide potency upon district court process [10] and the Alaska long-arm statute [11] (the plain

legal representative from a final judgment, order, or proceeding for the following reasons. . . ;

(4) the judgment is void;

3. In re Penco Corp., 465 F.2d 693, 694 n. 1 (4th Cir. 1972); Misco Leasing, Inc. v. Vaughn, 450 F.2d 257, 260 (10th Cir. 1971); Taft v. Donellan Jerome, Inc., 407 F.2d 807, 808 (7th Cir. 1969); Hicklin v. Edwards, 226 F.2d 410, 413 (8th Cir. 1955).

4. Bradley v. St. Louis Terminal Warehouse Co., 189 F.2d 818, 824 (8th Cir. 1951); Bass v. Hoagland, 172 F.2d 205, 208–209 (5th Cir. 1949), cert. denied 338 U.S. 816, 70 S.Ct: 57, 94 L.Ed. 494 (1949); see 11 Wright and Miller, Federal Practice and Procedure § 2862 at 199–200.

5. Compare Alaska Placer Co. v. Lee, 502 P. 2d 128, 132 (Alaska 1972); Guard v. Benson, 438 P.2d 219, 223 (Alaska 1968); Alaska Truck Transport, Inc. v. Inter-Alaska Credit Service, Inc., 397 P.2d 618 (Alaska 1964) [discretion required for other subsections] with Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337, 343 (1962); Hicklin v. Edwards, 226 F.2d 410, 413 (8th Cir. 1955); Shannon v. Norman Block, Inc., 106 R.I. 124, 256 A.2d 214, 218 (1969); Emery v. Emery, 404 P.2d 745, 749 (Wyo.1965) [no issue of discretion under 60(b)(4)]; see also 11 Wright and Miller, Federal Practice and Procedure § 2862 at 197.

6. Hicklin v. Edwards, 226 F.2d 410, 413 (8th Cir. 1955); Shannon v. Block, Inc., 106 R.I. 124, 256 A.2d 214, 218 (1969).

7. See 11 Wright and Miller, Federal Practice and Procedure § 2871 at 258.

8. At the time this action was instituted, AS 22.15.070, § 6(1) ch. 184 SLA 1959, am § 3 ch. 24 SLA 1966, provided:
The criminal jurisdiction of the district court of the State of Alaska extends over the entire state. The civil jurisdiction of the district court extends over the whole of the judicial district.

9. Current AS 22.15.070 provides:
The civil jurisdiction and the criminal jurisdiction of the district court of the State of Alaska extend over the entire state.

10. AS 22.15.140 provides:
Process of the district court shall be in the name of the State of Alaska, be signed by the district judge, magistrate, clerk or deputy clerk of the district court in the judicial district where the process is issued, be dated when issued, sealed with the seal of the court, and made returnable according to rule prescribed by the supreme court and shall run throughout the state.

11. AS 09.05.015 provides in pertinent part:
A court of this state having jurisdiction over the subject matter has jurisdiction over

meaning of which confers statewide jurisdiction upon all courts of the state).[12] The Aguchaks respond that if the statutes are construed so as to confer statewide jurisdiction upon the district court, then the exercise of that jurisdiction over them violates due process of law, because the expense inflicted upon indigent bush defendants in defending against a claim in a distant forum effectively deprives them of access to the courts.[13] Since we find controlling the Aguchaks' further contention that the form of summons served upon them so inadequately notified them of their rights and obligations in small claims proceedings that they were deprived of due process of law,[14] we need not further con-

sider appellant's other contentions. Of course, if the action is further pursued after this opinion, in personam jurisdiction may well be tested under amended AS 22.-15.070, which expressly confers statewide jurisdiction upon the district courts.

 Small claims, like other actions in the district courts, are subject to change of venue when the defendant cannot, without unnecessary expense and inconvenience, defend the action in the plaintiff's chosen forum.[15] In addition, under the rules of procedure followed in small claims cases, a party may file a written statement showing the nature of any defense he may have.[16] A pleading seeking change of ven-

a person served in an action according to the rules of civil procedure

(1) in an action, whether arising in or out of this state, against a defendant who, when the action is commenced,

(A) is a natural person present in this state when served;

(B) is a natural person domiciled in this state;

. . . . .

This statute was enacted by § 1 ch. 87 SLA 1968, two years after the then most recent amendment to AS 22.15.070 and prior to service of process on the Aguchaks. We referred to this statute as the "long arm" statute in Jonz v. Garrett Airesearch Corp., 490 P.2d 1197, 1198–1199 (Alaska 1971). Neither party disputes the district court's jurisdiction over the subject matter of the action [AS 22.15.030(a)(1)] or the propriety of handling the action as a "small claim" under AS 22.15.040.

12. The statute was adopted from the comprehensive jurisdictional code of Wisconsin, 1971 Wis.Stat. ch. 262. The Alaska statute is substantially identical to 1971 Wis.Stat. § 262.05. Comments by the drafter of the Wisconsin statute confirm that the statute conferred territorially-unlimited intrastate jurisdiction upon all Wisconsin courts where jurisdiction was perfected by traditional personal service or based on domicile. 1970 Wis.Annot. ch. 262 at 1298; 1970 Wis.Annot. § 262.05 at 1300–1301. The Wisconsin drafter's comments were before the Alaska legislature when it adopted AS 09.05.015; see Judiciary Committee Report on House Bill No. 16, 1967 H.J. 39.

13. See Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Bush v. Reid, 516 P.2d 1215, 1217–1219 (Alaska 1973). Resolution of this issue would require a complicated analysis bringing to-

gether the access-to-court principles of *Boddie* and *Bush* and the unfair creditor leverage doctrine of Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and its progeny; *see*, *e. g.*, Etheredge v. Bradley, 502 P.2d 146, 154 (Alaska 1972); *cf.* Barquis v. Merchants Collection Ass'n of Oakland, 7 Cal.3d 94, 101 Cal.Rptr. 745, 752–753, 496 P.2d 817, 824–825 (1972).

14. Appellee has argued on appeal that the facts do not support the Aguchaks' standing to raise a due process challenge based in part upon the status of indigency. The statement of indigency filed by the Aguchaks in the court below established that status prima facie, and appellee has made no effort to contest the facts asserted therein. We therefore decline to consider the standing argument. *See* Pearson v. Bachner, 503 P.2d 1401, 1402 (Alaska 1972); State v. 7.536 Acres, 431 P.2d 897, 900–901 (Alaska 1967).

15. AS 22.15.080 provides in pertinent part: The court in which an action is pending shall change the place of trial of the action from one place to another place in the same judicial district or to a designated place in another judicial district when the court finds any of the following:

. . . . .

(2) the convenience of witnesses and the ends of justice would be promoted by the change;

. . . . .

(4) the defendant will be put to unnecessary expense and inconvenience, and if the court finds that the expense and inconvenience was intentionally caused, the court may assess costs against the plaintiff.

16. Dist.Ct.Civ.R. 9(b) provides:
A party defending against a claim may follow the same procedure—by either filing a written instrument which shows the nature

ue could have been filed in the instant action, and, given the prohibitive expense of defending the claim in the plaintiff's forum, one would expect venue would have been transferred if there had been a reasonable likelihood that the defendants intended to present any defense requiring the introduction of evidence at a hearing.

■ Ordinarily defects in venue are waived by the failure of the defendant to make a timely motion for a change of venue,[17] and no inquiry into the reasons for failure to make such a motion is normally entertained. However, in this appeal the Aguchaks are not challenging venue *per se*. Instead, they are contending that a summons form which fails to inform indigent bush defendants of the option of filing written pleadings in a small claims action filed in a distant forum fails to convey the constitutionally required information to afford them an opportunity for a hearing of their defenses.[18]

We hold that the summons served upon the Aguchaks was defective when tested against the clause of the Alaska Constitution which provides that "No person shall be deprived of life, liberty, or property, without due process of law."[19] We reach this conclusion by applying the clause to the unique relation between bush and metropolitan areas in Alaska, and by looking to the manner in which the similar federal due process provision has been interpreted.[20]

■ We begin with the proposition that "deprivation of life, liberty or property by adjudication [must] be preceded by notice and opportunity for hearing appropriate to the nature of the case."[21] In the *Mullane* case, a landmark in the constitutional jurisprudence of notice, Justice Jackson wrote for the United States Supreme Court:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information. . . .[22]

Adopting this standard under the Alaska Constitution, we must decide what information is required when a small claims action is brought in a distant court against a rural indigent defendant.

and extent of his defense, or by filing a short and plain statement in writing showing the nature of his defense.

17. Civ.R. 12(b) ; Civ.R. 12(h).

18. The summons served upon the Aguchaks stated simply:
TO : The above-named defendant
GREETINGS :
You are hereby summoned and required to appear before the District Court, Third Judicial District, at 941 Fourth Avenue, Anchorage, Alaska, on Dec. 27, 1971, at the hour of 8 :00 A.M., and answer and present any defense you might have to a claim for relief against you which has been filed by the above-named Plaintiff. The Plaintiff asks for relief against you as follows: As per Complaint.
If you fail to appear at the time stated herein, a judgment by default will be given against you for the relief asked for in Plaintiff's claim.

. . . . .

NOTE: Parties appearing at the time and date set forth herein must be prepared for immediate trial.

19. Alaska Constitution, art. I § 7.

20. United States Constitution, Amendment XIV § 1 provides in relevant part:
[N]or shall any state deprive any person of life, liberty, or property, without due process of law.
Because this case arises in a uniquely Alaskan factual context, we base our holding upon the Alaska Constitution. We need not decide whether the United States Constitution compels the same result. *See* Bush v. Reid, 516 P.2d at 1219–1220; R.L.R. v. State, 487 P.2d 27, 32 (Alaska 1971) ; Baker v. City of Fairbanks, 471 P.2d 386, 401–402 (Alaska 1970).

21. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656–657, 94 L.Ed. 865, 873 (1950), *approved* Boddie v. Connecticut, 401 U.S. at 378, 91 S.Ct. at 786, 28 L.Ed.2d at 119.

22. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. at 314–315, 70 S.Ct. at 657, 94 L.Ed. at 873.

By requiring special forms advising default judgment debtors of exemptions and how to claim them, our legislature has recognized that defendants in collection actions, like the instant one, often are legally unsophisticated, frequently appear without counsel and may be minimally educated.[23]

We concur with the California Supreme Court's understanding in discussing somewhat different problems of distant venue debt collection, that the bulk of collection suit defendants, due to indigency, "cannot afford to engage counsel to advise them of their 'venue' rights."[24] The difficulties of locating counsel in the outlying areas of Alaska exacerbate the already substantial impediments to defense of the collection suit. Although the analogy is not perfect, we find persuasive the holding of the United States Supreme Court that notice effected in a valid, statutorily authorized manner was constitutionally defective where the recipient was known to be an unprotected incompetent.[25] In that case the Court held that the failure to appoint a guardian before foreclosure of property tax liens violated due process of law. Here, of course, the defendants are neither incompetent nor in need of guardians; but the proper tailoring of notice "to the capacities and circumstances"[26] of indigent bush defendants requires the communication of substantially more information regarding the methods by which such defendants can respond to a distant lawsuit than is presently imparted.[27] A notice that fails to inform the indigent bush defendant of the right to file a written pleading[28] is not "reasonably calculated . . . to . . . afford him an opportunity . . ."[29] "to be heard 'at a meaninful time and in a meaningful manner.' "[30]

Whenever a party demonstrates a prima facie denial of due process of law, the reviewing court must balance the interest of the state in the act or procedure challenged against the right denied the individual.[31] Because an efficient credit

23. AS 09.35.035(3) provides in pertinent part:

Notice of execution required by this section shall specify the property as to which execution is sought, and shall name the person who has possession of the property, and in addition shall include:

(A) a brief explanation, in lay terminology, of the availability of exemptions from execution which exist under state or federal law, in the form and content prescribed by the state supreme court;

(B) blank forms which shall be used by the judgment debtor for asserting claims for exemption, together with simplified instructions for their use. . . .

24. Barquis v. Merchants Collection Ass'n of Oakland, 7 Cal.3d 94, 101 Cal.Rptr. 745, 753, 496 P.2d 817, 825 (1972).

25. Covey v. Town of Somers, 351 U.S. 141, 146–147, 76 S.Ct. 724, 727–728, 100 L.Ed. 1021, 1026 (1956).

26. Goldberg v. Kelly, 397 U.S. 254, 268–269, 90 S.Ct. 1011, 1020–1021, 25 L.Ed.2d 287, 299–300 (1970).

27. By contrast, the form summons used by the Fourth Judicial District at Fairbanks informs the small claims defendant of the right to file a written answer. *See also* Civil Form I, illustrative of the type of summons required by Civ.R. 4(b) in superior court actions, which specifically requires a written appearance under pain of default.

28. The right to file a written pleading would, of course, include a right to file a written *motion for change of venue. We do not reach* the issue of whether defendants in small claims actions must, as a matter of due process of law, be provided with detailed information regarding the nature of various written pleadings which may be filed or motions which may be made. We note that in small claims cases defendants frequently *will not be assisted by counsel. As indicated infra* at note 34, we are therefore ordering under our duty to prescribe forms set forth in AS 22.15.040 that a form of summons be used furnishing defendants in small claims cases with more complete information as to their procedural rights.

29. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873.

30. Bush v. Reid, 516 P.2d at 1219, citing Boddie v. Connecticut, 401 U.S. at 378, 91 S.Ct. at 786, 28 L.Ed.2d at 119.

31. *Id.* 516 P.2d at 1220; Morrissey v. Brewer, 408 U.S. 471, 483, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484, 495–496 (1972); Sniadach v. Family Finance Corp. of Bay View, 395 U.S. 337, 339, 89 S.Ct. 1820, 1821–1822, 23 L.Ed. 2d 349, 352 (1966).

economy is important to the state, it is appropriate to consider in a debtor-creditor due process analysis whether any hardship imposed upon creditors as a class by striking down the state procedures threatens the underlying credit economy.[32] Undue expenses of collection may deprive merchants of their just profit; ultimately such expenses will be passed on to the consumer through scarce and expensive credit. Extremely burdensome rules in the instant case could force metropolitan retailers to deal with bush customers on a "cash-only" basis. The state has a valid interest in sustaining those procedures which prevent such an economic hardship on both the creditor and debtor. The specific remedy we fashion here—correction of a defective summons—only enforces a preexisting right to change the venue of this action or defend it by filing written materials. It does not enlarge the Aguchaks' substantive rights against Montgomery Ward, nor does it impose a burden of travel or proof beyond those already imposed by the legislature when it enacted the venue and small claims statutes. We therefore see no deleterious consequences accruing to the credit economy as a result of this decision. The only direct interest of the state in the current summons form is in avoiding the cost of printing a new one. Balanced against the effective deprivation of the Aguchaks' right to defend this lawsuit, the state has no interest sufficient to sustain the form of summons used here.[33]

■ ■ We therefore hold that the summons served upon the Aguchaks in this action was constitutionally defective because it did not adequately convey the information necessary to their defense against Ward's claim. The district court's assumption of personal jurisdiction over the Aguchaks based on such a summons therefore violated the due process rights which inure to the Aguchaks under art. I, § 7 of the Alaska Constitution. We decline to specify as a matter of constitutional law the information to be set forth in a summons; such issues are more easily resolved by rule of court.[34]

The judgment of the superior court is reversed with orders to declare the default judgment taken against the Aguchaks in the district court null and void, and to entertain further proceedings not inconsistent with this opinion.

Reversed and remanded.

32. Sniadach v. Family Finance Corp. of Bay View, 395 U.S. at 339, 89 S.Ct. at 1820–1821, 23 L.Ed.2d at 352; see Fuentes v. Shevin, 407 U.S. 67, 91–93, 92 S.Ct. 1983, 1999–2001, 32 L.Ed.2d 556, 576–577 (1972).

33. Sniadach v. Family Finance Corp. of Bay View, 395 U.S. at 339, 89 S.Ct. at 1821–1822, 23 L.Ed.2d at 352.

34. We anticipate that the difficulties of small claims procedure disclosed by this case will be solved by the rules of small claims procedure currently being prepared by our Special Advisory Committee on Rules for Small Claims. In the interim, we shall immediately order that an appropriate form of summons be used, containing language similar to the following:

If you want to object to the claim the plaintiff has made against you, but the court where you have been ordered to appear is too far from where you live for you to go to a hearing there, you should WRITE TO THE COURT and ask to have the case moved to the Alaska District Court closest to where you live. You may also ask to have the case moved near where you work, if that is more convenient. You should write to the court address you see on this summons. When you write to the court you should explain where you live, explain why it would be expensive or impossible for you to go to the court where this claim was filed, and state that if the case is moved to a more convenient place you will go to the hearing at the new place and present some objection to the claim. You should explain why you think the plaintiff should not be paid. YOUR LETTER MUST EXPLAIN SOME FACTS TO SHOW YOU CAN DEFEND AGAINST THE CLAIM; otherwise the judge will not move the case for you. YOU SHOULD MAIL YOUR LETTER AT LEAST THREE DAYS BEFORE THE DAY THIS SUMMONS ORDERS YOU TO BE IN COURT. If you do not, the court may enter a final judgment against you, and your wages and property can be taken to pay the judgment.