**ROBERT P. QUINN TRUST**

v.

**Emil RUIZ et al.**

**No. 97–647–Appeal.**

Supreme Court of Rhode Island.

Jan. 27, 1999.

Patrick T. Conley, East Providence, for plaintiff.

Lisa Dinerman, Special Asst. Atty. General, Richard G. Riendeau, Providence; James P. Marusak, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on December 14, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The City of Providence (city), an intervenor in this action,[1] has appealed a judgment in favor of the respondents, Emil Ruiz, Randy Ruiz, and Financial Enterprises. That judgment declared void the city's tax sale of certain property, on the ground that G.L.1956 § 44–9–11 violated the Due Process Clause of the United States Constitution. The petitioner, the Robert P. Quinn Trust (trust), is the owner of a tax deed for the subject property issued as a result of the tax sale.[2] Because no cause has been revealed that would persuade us not to decide the case at this time, we proceed with our analysis.

Briefly, the facts reveal that Rose A. Izzo devised a life tenancy in her property at 69 Marietta Street, Providence, Rhode Island, to her husband, Americo Izzo, and the remainder interest equally to her siblings, Marie Rotondo, Cecelia Florio, and Louis Opito,

---

1. The city's motion to intervene was granted prior to trial.

2. The trust did not participate in the trial and submitted its first brief on appeal. The Attorney General on December 19, 1996 filed a Notice of Intention to File an Amicus Brief on the issue of

the constitutionality of the tax sale which is the subject of this case. Later, however, the Office of the Attorney General notified the Court in a letter dated July 21, 1997, that it was unable to provide an amicus brief because of short notice.

Jr. (collectively, remaindermen). Rose Izzo died on November 7, 1990, and her will was properly admitted to probate on February 7, 1991.

On June 8, 1995, the city purportedly sold the property at 69 Marietta Street for nonpayment of taxes. The city sent notification of the proposed tax sale to Americo Izzo[3] and Rose Izzo, then deceased, but did not give personal notice to the remaindermen. The tax deed dated July 20, 1995, purported to grant to the trust "45% of, all the right, title and interest of the said Americo Izzo, Rose A. Izzo, *** and of all others having any right, title and interest in and to [69 Marietta Street, Providence, Rhode Island] *** subject, however, to the right of redemption." On February 5, 1996, Americo Izzo and the remaindermen sold their interest in the property to respondents, Emil Ruiz and Randy Ruiz. Financial Enterprises Corporation provided financing for the subject property secured by a mortgage.

On June 25, 1996, the trust filed this action to foreclose the right of redemption following the tax sale. The Ruizes were notified pursuant to § 44–9–27[4] and answered the petition by challenging the validity of the tax sale, arguing that because they had not received notice of the tax sale, it was void. The city intervened to settle the issue of whether the notice it had provided was sufficient, and whether notice of the tax sale complied with §§ 44–9–10[5] and 44–9–11.[6]

After trial, the trial justice concluded that, in light of this Court's reasoning in *Ashness v. Tomasetti*, 643 A.2d 802 (R.I.1994), the remaindermen were interested persons entitled to notice of the tax sale. Sections 44–9–10 and 44–9–11 do not require personal notice to parties in interest other than the taxpayer and the mortgagee. The trial justice held that the statutory notice provisions were inadequate and therefore § 44–9–11 was unconstitutional. Initially, the trial justice found that Americo Izzo did receive constitutionally sufficient notice of the tax sale, and therefore, that his interest was validly sold at that sale. Accordingly, in his original judgment, the trial justice declared that the Ruizes held title subject to the trust's "tax title to some or all of Americo Izzo's life estate." The trial justice later vacated this portion of the judgment, clearly indicating that the tax sale was invalid as to every party involved.

3. Although Americo Izzo was no longer residing at the subject property at the time, the notification of the tax sale was sent to him there. The return receipt for this notification was signed and returned to the city.

4. General Laws 1956 § 44–9–27 requires notice by registered or certified mail to all interested parties upon the filing of a foreclosure petition.

5. Sections 44–9–10 and 44–9–11 are the statutes governing notice prior to a tax sale. Section 44–9–10 requires notice to the taxpayer, and § 44–9–11 requires notice to the mortgagees and others. Section 44–9–10 provides, in relevant part:

"**Notice of sale to taxpayer.**—(a) Whether or not the person to whom the estate is taxed be a resident of this state, the collector shall, in addition to [publishing a public notice and advertisement required by § 44–9–9], notify the taxpayer of the time and place of sale either by registered or certified mail sent postpaid to the taxpayer's last and usual place of abode not less than twenty (20) days before the date of sale or any adjournment thereof, or be left at the taxpayer's last and usual place of abode, or personally served on the taxpayer not less than twenty (20) days before the date of sale or any adjournment thereof, but no notice of adjournments shall be necessary other than the announcement made at the sale."

6. Section 44–9–11 provides:

"**Notice to mortgagees and other parties in interest.**—In case the collector shall advertise for sale any property, real, personal, or mixed, in which any person other than the person to whom the tax is assessed has an interest, *it shall not be necessary for the collector to notify the interested party, except mortgagees of record who shall be notified by the collector either by registered or certified mail* sent postpaid to the last and usual place of abode or place of business of the mortgagee, not less than twenty (20) days before the date of sale or any adjournment thereof, or be left at his or her last and usual place of abode, or personally served on him or her, not less than twenty (20) days before the date of sale or any adjournment thereof, but no notice of adjournments shall be necessary other than the announcement made at the sale. *The posting and publication of the notice of the time and place of sale in the manner provided by § 44–9–9 shall be deemed sufficient notice to all other interested parties.* This provision shall apply to all taxes levied prior to and subsequent to 1896." (Emphases added.)

We affirm the trial justice's determination that the tax sale was invalid as to all parties on the ground that § 44–9–11 did not provide notice sufficient to fulfill the requirements of Due Process. This Court, in *Ashness,* held a tax sale invalid on the ground that the mortgagee was not given notice of the tax sale, despite proof that the mortgagee did receive mail notice of the foreclosure proceeding pursuant to § 44–9–27. In *Ashness,* we relied on *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), in which the United States Supreme Court struck down an Indiana Statute that required notice by certified mail only to the property owner prior to a tax sale and not to the mortgagees. In holding that the Indiana statute violated the Due Process Clause, the Court explained: "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." *Mennonite,* 462 U.S. at 800, 103 S.Ct. at 2712, 77 L.Ed.2d at 188. The Court held: "[in] an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 795, 103 S.Ct. at 2709, 77 L.Ed.2d at 185 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)).

Here, prior to the sale to the Ruizes, the remaindermen held a vested remainder property interest. The remaindermen, like the mortgagees in *Mennonite,* "possess[ed] a substantial property interest that [was] significantly affected by a tax sale," 462 U.S. at 798, 103 S.Ct. at 2711, 77 L.Ed.2d at 187, and, as such, were interested parties entitled to notice reasonably calculated to apprise them of the tax sale. We agree with the finding of the trial court that these interested parties were "readily identifiable by the collector on June 8, 1995." The trial justice explained:

"a cursory glance at the probate record, which was the source of the interest of the life tenant, would have immediately disclosed the identity of the holders of the future interests. That information was so readily available as to raise a question as to whether the collector made any inquiry at all as to who was an interested party to the title to this land."

Because § 44–9–11 does not provide for mail or personal notice to these readily identifiable interested parties, the statute is unconstitutional, and the tax sale was invalid.

Moreover, Rhode Island is one of several jurisdictions which has held "that the failure to serve an interested party with notice of a tax sale invalidates that sale with respect to all interested parties, despite the fact that at least one of the parties did receive legal or actual notice of the proceedings." *Ashness,* 643 A.2d at 811 (citing 45 A.L.R.4th 447, 458, § 4 (1986)); *Weaver v. Arnold,* 15 R.I. 53, 23 A. 41 (1885); *Thurston v. Miller,* 10 R.I. 358 (1872). Therefore, we affirm the decision of the trial justice that the tax sale was invalid in respect to all parties, including Americo Izzo, despite the fact that he did receive personal notice of the tax sale.

For the foregoing reasons, we deny and dismiss the city's appeal and affirm the judgment of the Superior Court to which we remand the papers in this case.