KILDEER REALTY, a Rhode Island
General Partnership

v.

BREWSTER REALTY CORP. et al.

No. 2001–512–Appeal.

Supreme Court of Rhode Island.

June 27, 2003.

Fernando Cunha, Esq., Providence, for
Plaintiff.

Roger Ross, Esq., for Defendant.

Present: FLANDERS, GOLDBERG, JJ., and SHEA, J. (Ret.).

## OPINION

GOLDBERG, Justice.

This case came before the Court for oral argument on March 10, 2003, on appeal by the defendant, Brewster Realty Corporation (Brewster Realty or defendant), from a judgment denying its motion to vacate a final decree, foreclosing all rights of redemption for property purchased at a tax sale by the plaintiff, Kildeer Realty, a Rhode Island General Partnership (Kildeer or plaintiff).

The record discloses that the tax collector for the City of Providence (the city) failed to notify defendant, whose ownership interest was recorded in the land evidence records eighty-three days before the impending tax sale. Further, although in receipt of actual notice of the petition to foreclose defendant's rights of redemption, Brewster Realty failed to answer or appear on the return day and was defaulted.

The property that is the subject of this appeal is at 6 Pemberton Street,[1] Providence. On November 19, 1996, 117 Capital Corporation, then the record owner,

granted a mortgage to Becky Brewster and Sara Brewster (the Brewsters), secured by a mortgage deed filed in the land evidence records of the city. Thereafter, the property was conveyed from 117 Capital Corporation to Craig F. Raposa (Raposa), who then conveyed the property to 514 Broadway, Inc. Both subsequent conveyances were subject to the mortgage held by Becky and Sara Brewster. Ultimately, because of a default, the mortgage was foreclosed on May 21, 1999. The property was sold at a public auction to Brewster Realty,[2] and on May 28, 1999, the foreclosure deed was properly recorded in the city's land evidence records.

Before the mortgage foreclosure, the tax assessor for the city assessed taxes on the property for the 1998 tax year in the amount of $1,638.20. By standard procedure, this tax was assessed upon Raposa, then record owner of the property as of the assessment date, December 31, 1997. This tax was not timely paid, and a tax sale was scheduled for August 19, 1999. As noted, defendant's foreclosure deed was recorded on May 28, 1999.

In accordance with the existing statutory mandate set forth then in G.L.1956 § 44–9–11,[3] to notify all mortgagees of rec-

---

1. The property, consisting of a single-family, four-bedroom house, was assessed at a value of $64,300 in 1999.

2. Although neither confirmed nor denied by defendant, and although no evidence was presented before the court on the issue, there are indications that the Brewsters may well have been affiliated with, if not principals of, Brewster Realty. One such indication is that two certified mail notices of the impending tax sale of 6 Pemberton Street, addressed to Becky and Sara Brewster, respectively, were signed for and received by Shirley Zimmerman, registered president of Brewster Realty.

3. General Laws 1956 § 44–9–11 provided in pertinent part as follows:

"*Notice to mortgagees and other parties in interest.*—In case the collector shall adver-

tise for sale any property, real, personal, or mixed, in which any person other than the person to whom the tax is assessed has an interest, it shall not be necessary for the collector to notify the interested party, except mortgagees of record who shall be notified by the collector either by registered or certified mail * * * not less than twenty (20) days before the date of sale * * *. The posting and publication of the notice of the time and place of sale in the manner provided by § 44–9–9 shall be deemed sufficient notice to all other interested parties."

After the notification process and tax sale in this case had been completed but prior to the completion of proceedings in this case, this statute was amended to include a broader scope of interested parties required to be notified, and to grant a grace period during

ord before a tax sale, the city was required to notify several interested parties in the property's more recent chain of title. *See Quinn Trust v. Ruiz,* 723 A.2d 1127 (R.I. 1999) (per curiam) (city required to give notice of impending tax sale to remaindermen of a life estate). After conducting a standard title search through June 24, 1999, the city sent timely notice to Promerchant Financial Corp., Delta Financial Corp., L. Brayton Foundry Bldg., Raposa, the Brewsters, and Prime Properties, RIGP. The evidence disclosed that because of the languid communication and filing system in place between the city's land records department and the tax assessor's office, and the volume of title searches conducted within six to seven weeks before the statutory twenty-day notification deadline, Brewster Realty's May 28, 1999, recorded interest was not discovered during the June 24th search and Brewster Realty was not afforded notice of the tax sale. Although it is noteworthy that the notices sent to the Brewsters were signed for and received by the president of Brewster Realty, it was not established that Brewster Realty received notice, and the hearing justice determined that there was insufficient evidence to conclude that defendant had actual notice of the sale.

On August 19, 1999, eighty-three days after Brewster Realty's interest was recorded, Kildeer purchased the property at

tax sale. Kildeer's interest was recorded by deed on October 15, 1999. On August 25, 2000, more than one year after the tax sale and in accordance with § 44–9–25, Kildeer filed in Superior Court a petition to foreclose all rights of redemption to the property. The defendant, Brewster Realty, was named on the petition, and notice of the pendency of the action was sent by certified mail to the appropriate address. Notwithstanding actual notice, defendant did not show up to defend or object to plaintiff's foreclosure petition. A final decree was entered on October 12, 2000, foreclosing all rights of redemption to the property.

On November 29, 2000, defendant filed a motion to vacate the judgment pursuant to G.L.1956 § 9–21–2(a)(4),[4] asserting that the tax sale was void for want of notice and that Brewster Realty thereby was deprived of its property without due process as guaranteed by the Fourteenth Amendment to the United States Constitution and article 1, section 2, of the Rhode Island Constitution. Brewster Realty alleged that in light of this constitutional deficiency, all proceedings that derived from the tax sale also were void.

After an evidentiary hearing, a justice of the Superior Court rejected defendant's argument and upheld the final decree in favor of Kildeer. This decision was based

which parties in interest who are newly recorded need not be notified. Section 44–9–11, as amended by P.L.2002, ch. 140, § 1, now requires that, *provided that their interest was of record at least ninety days prior to the date set for the sale,* the following interested parties must be notified of an impending tax sale:

"mortgagees of record and mortgage assignees of record, former fee holders whose right to redeem has not been foreclosed, holders of tax title, federal agencies having a recorded lien on the subject property, holders of life estates of record, and vested remainder whose identity can be ascer-

tained from an examination of the land or probate records of the municipality conducting the sale, and/or their assignees of record who shall be notified by the collector either by registered or certified mail * * * not less than twenty (20) days before the date of sale * * *."

4. General Laws 1956 § 9–21–2(a)(4) provides: "On motion and upon such terms as are just, a court may relieve a party or his or her legal representative from a final judgment, order, decree, or proceeding entered therein for the following: * * * [t]he judgment is void."

in part on his conclusion that Brewster Realty failed to respond to the petition to foreclose or assert its rights as a fee owner within the time constraints imposed by statute. The trial justice found that defendant challenged the validity of the tax sale for the first time during the motion to vacate, well after the final decree was entered in Kildeer's favor. The trial justice also relied on defendant's failure to take protective steps before acquiring the property by foreclosure sale, such as obtaining a certificate from the city collector stating what taxes were due and whether the property was designated for tax sale, pursuant to § 44–7–11(a). Finally, the hearing justice was most sympathetic to the practical realities facing cities, such as Providence, when attempting to discover recently recorded interests in land and to mail notice to every record interest holder before a tax sale. He stated, "despite the strict requirements of our statute, [this court believes] that it would create an impossible burden on the municipalities of this state to require a rundown with appropriate notice, if at all possible, with respect to every parcel exposed for tax collector's sale." Additionally, the hearing justice noted that § 44–9–11 recently had been amended to require the collector to notify those persons whose interest was recorded at least ninety days before the sale. The hearing justice found that if this new statutory scheme had been in force, the notice to Brewster Realty would not have been required. The trial justice refused to vacate the judgment, and the defendant timely appealed this decision.

Before the Supreme Court, defendant reasserts that the failure to give a fee owner actual notice in advance of a tax sale renders the sale constitutionally defective, as a deprivation of property without due process of law, and, therefore, void. Consequently, defendant alleges, the one-year period for redeeming the property had not begun to run against defendant's interest and subsequent notice of the petition to foreclose was not curative. Accordingly, Brewster Realty contends, the motion to vacate pursuant to § 9–21–2(a)(4) was the proper vehicle for relief.

The defendant also maintains that the amendment to § 44–9–11 on July 13, 2001, was not in effect and is not applicable to this case, and, therefore, the city was under an obligation to notify defendant, notwithstanding that the tax sale was held a mere eighty-three days after its deed was recorded. The defendant points to previous occasions in which courts have interpreted the tax sale notice requirement to extend to a broad spectrum of parties whose property interests were affected by a tax sale. *See Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Quinn Trust v. Ruiz,* 723 A.2d 1127 (R.I. 1999) (per curiam); *Ashness v. Tomasetti,* 643 A.2d 802 (R.I.1994). The defendant argues that the action to foreclose the right of redemption had no independent legal significance apart from the underlying tax sale, and hence the resulting final decree must fail because of these procedural deficiencies. Finally, defendant contends that the hearing justice exceeded his authority and crafted an exception to the statutorily mandated time constraints for tax sale notice requirements.

Kildeer asserts that, despite the city's failure to mail a certified notice of the tax sale to Brewster Realty, defendant corporation received actual notice of the impending tax sale, and therefore all remaining arguments are effectively moot. Kildeer argues that to find otherwise would be to exalt form over substance, because notice to the previous mortgagors, the Brewsters, was signed for and

received by the president of Brewster Realty and the trial justice should have drawn the reasonable inference that the Brewsters are principals in the corporate entity bearing their namesake. The plaintiff urges this Court to categorize the notice failure as harmless and to affirm that compliance with the strict statutory notice provisions was not required because defendant received actual notice of the pending tax sale.

Alternatively, plaintiff alleges that, if it is determined that Brewster Realty, as owner of record less than ninety days before the tax sale, was entitled to actual notice, then the newly enacted § 44–9–11 would be unconstitutional. Kildeer also contends that defendant's due process rights were not violated because it was afforded notice and an opportunity to have the tax sale set aside. The plaintiff argues that § 44–9–31 operates as an absolute bar to vacating the judgment because defendant failed to comply with the provisions of § 44–9–29 by failing to file an answer and an offer to redeem the property on or before the return day.[5]

Finally, Kildeer argues that during the period that Brewster Realty sat on its rights, in reliance on the finality of the decree, Kildeer invested more than $22,000 in improvements to the property. The plaintiff argues that for this Court to vacate the foreclosure decree would be an injustice and would jeopardize the soundness of the statutorily prescribed tax sale procedures.

■■■ We exercise a *de novo* standard of review upon appeal from a denial of a motion to vacate a judgment alleged to be void, because a motion "which contends that a judgment is void is one which is *not* addressed to the court's discretion. A judgment is either valid or it is not and discretion plays no part in resolving the issue." *Nisenzon v. Sadowski,* 689 A.2d 1037, 1047 (R.I.1997) (quoting *Shannon v. Norman Block, Inc.,* 106 R.I. 124, 130, 256 A.2d 214, 218 (1969)). "If the judgment is void, the movant has an unqualified right to relief." *Id.* (quoting *Shannon,* 106 R.I. at 132, 256 A.2d at 219).

■■■ As an initial matter, we are satisfied that Brewster Realty was entitled to notice of the tax sale because at the time of the sale, the controlling statute, § 44–9–11, had not been amended. We are of the opinion that the provisions of the statute as amended in 2001 are not retroactively controlling in this appeal. The statute in force during the relevant period in 1999 required that notice be provided to all *mortgagees of record. See* § 44–9–11(a). This requirement extended to all recorded interest holders, no matter how recently their interests were recorded, subject to the limitation that notice be given not less than twenty days before the date of sale. Therefore, no matter how recently a deed was recorded, the mortgagee was entitled to notice of the impending tax sale. The subsequent amendment of the statute was intended to afford the tax collector a ninety-day window during which newly recorded interest holders are not entitled to notice. However, this amendment is of no assistance to plaintiff in this case nor do we pass upon its constitutionality.

5. Section 44–9–29 requires that any person claiming an interest and seeking to redeem land subject to a foreclosure proceeding must, "on or before the return day * * * shall * * * file an answer setting forth his or her right in the land, and an offer to redeem upon the terms as may be fixed by the court." Section 44–9–31 provides that if "a person claiming an interest desires to raise any question concerning the validity of a tax title, the person shall do so by answer filed in the proceeding on or before the return day * * * or else be forever barred from contesting or raising the question in any other proceeding."

In *Quinn Trust*, 723 A.2d at 1129, this Court held that a tax sale was invalid with respect to all interested parties because remaindermen to a life tenancy were not given timely notice. This Court declared that the tax sale notice statute was unconstitutional because the notice provisions failed to comport with the requirements of due process. *Id.* The decision in *Quinn Trust* was based in part on our holding in *Ashness*, that declared a tax sale invalid because the enabling statute for the Blackstone Valley District Commission did not include a notice provision for mortgagees of record. *Ashness*, 643 A.2d at 810. Despite evidence that the mortgagee had received notice of the foreclosure proceeding and had defaulted, we set the judgment aside because of the defects in the enabling statute. In deciding *Ashness*, we relied on the Supreme Court's holding in *Mennonite*, that struck down an Indiana statute requiring notice by certified mail only to the property owner before a tax sale and not to the mortgagees. *Ashness*, 643 A.2d at 809–10. In *Mennonite*, the Court emphasized the great weight to be accorded the "liberty or property interests[, protected by the Due Process Clause of the Fourteenth Amendment,] of *any* party [significantly affected by a tax sale,]" and the need to ensure that the constitutional minimum of actual notice by mail or any other means is given, assuming the name and address are "reasonably ascertainable." *Mennonite*, 462 U.S. at 800, 103 S.Ct. at 2712, 77 L.Ed.2d at 188. (Emphasis added.)

Although the case now before us is distinct from *Quinn Trust* because, in that case, the interested party appeared and objected to the petition to foreclose all rights of redemption, it is telling that this Court considered a readily identifiable remainderman to be a necessary party to tax sale notification, and that failure to provide notice invalidated the sale. *See Williams v. City of Providence*, 641 A.2d 1328, 1328 (R.I.1994) (mem.) (affirming a Superior Court judgment voiding a tax sale of which the record owner had not received notice); *see also Finnegan v. Bing*, 772 A.2d 1070, 1071 (R.I.2001) (per curiam) (delineating hearing justice's powers upon consideration of a petition to foreclose the right of redemption in case where tax sale was void because proper notice not extended to former fee owner). Accordingly, we agree with defendant that a record fee title owner has a similar, if not greater, interest than a remainderman in the disposition of his or her property, and therefore was entitled to notification before the tax sale. This observation, however, is not dispositive of the appeal.

Although the city was bound by the notice requirements of § 44–9–11, so too was Brewster Realty bound by the mandates governing foreclosure petitions. Despite receiving proper notice of Kildeer's foreclosure petition, Brewster Realty utterly failed to protect its interest or assert its rights "on or before the return day." Section 44–9–31 explicitly provides that failure to raise any question concerning the validity of a tax title on or before the return day will result in the party's being "forever barred from contesting or raising the question in any other proceeding." Furthermore, pursuant to § 44–9–30, once a default is entered, as in this case on October 12, 2000, or if redemption is not timely made, "a decree shall be entered which shall forever bar all rights of redemption." The record discloses that a final decree was entered on the same date as the entry of default. We deem the explicit language of these statutes controlling in this case; and any subsequent claims by Brewster Realty were forever barred. Any previous defects in the notice procedure of the tax sale were negated by Brewster Realty's subsequent failure to answer or appear upon notice of the petition to foreclose its rights of redemption.

We deem Brewster Realty's failure to answer on or before the return day to be fatal to its appeal.

Despite the parallel issues presented in *Ashness,* a case defendant relied heavily on, we are cognizant of a line of municipal tax cases consistent with our holding today. *See Norwest Mortgage, Inc. v. Masse,* 799 A.2d 259 (R.I.2002) (per curiam); *Albertson v. Leca,* 447 A.2d 383 (R.I.1982). Accordingly, to the extent our decision in *Ashness* is inconsistent with this opinion, we decline to follow it.

We have held on previous occasions that, upon notice of a petition for foreclosure of the right of redemption, the failure by one who owns an interest in real estate to file an answer or specifications on or before the return day forever bars that party from later contesting the validity of the tax title. In *Albertson,* 447 A.2d at 385–86, this Court upheld a determination by the Superior Court that former fee owners of a parcel of real estate had waived their right to challenge the validity of a tax title for failing to comply with the time-sensitive procedure requirements set forth in § 44–9–31 and for filing specifications of tax-title defects well after the return date. Similarly, we affirmed the finding by the Superior Court that a secured creditor should be denied the right to set aside a tax sale of property formerly owned by a debtor because it never filed an answer or challenge after receiving notice of the sale. *Norwest Mortgage, Inc.,* 799 A.2d at 262–63. In *Norwest,* the creditor's noncompliance with § 44–9–31 was determinative, even though the sale occurred in violation of the automatic stay provisions of the bankruptcy code, thereby giving the creditor a strong basis to contest the validity of the sale. *Id.* Additionally, we have recognized that once a "foreclosure [of redemption] decree has been entered, the title conveyed by the tax collector's deed becomes 'absolute.'" *Picerne v. Sylvestre,* 113 R.I. 598, 600, 601, 324 A.2d 617, 618, 619 (1974) (quoting the language of § 44–9–24 and recognizing the all-encompassing language in § 44–9–31 of the terms "forever-barred" and "in any other proceeding"). Finally, as recognized in *Albertson,* the tax statutes of this state strike a balance between private property rights and the interests of the government, one that is ultimately fair; "the state may move quickly to obtain by sale the taxes due, but the owner has ample opportunity to redeem his real estate." *Albertson,* 447 A.2d at 388. In the case before us, Brewster Realty had an adequate opportunity to redeem its property after the tax sale, and therefore was accorded sufficient due process to overcome any constitutional challenge.

Lastly, equitable concerns militate against vacating the final foreclosure decree. After having waited the required one-year period before filing its petition, Kildeer relied to its detriment on the finality of this decree. According to Kildeer, after the decree was entered, on October 12, 2000, and through the month of November, Kildeer incurred more than $22,000 in expenses renovating the property to prepare it for habitation and sale. Because Brewster Realty did not seek to vacate the judgment until November 29, 2000, Kildeer's reliance was justified and we decline to disturb the judgment upon which it relied.

For the reasons stated herein, the defendant's appeal is denied and dismissed and the judgment is affirmed. The papers in the case are remanded to the Superior Court.

Chief Justice WILLIAMS and Justice FAHERTY did not participate.