**GRANITE STATE FIRE INSURANCE COMPANY, Appellant,**

v.

**Archie M. ROBERTS et al., Appellees.**

**No. 6769.**

Court of Civil Appeals of Texas.

Beaumont.

June 3, 1965.

Motion for Rehearing Overruled June 16, 1965.

John H. Benckenstein, Beaumont, for appellant.

Adams & Browne, Keith, Mehaffy & Weber, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action on an insurance policy. Trial was before the court and judgment was rendered for the plaintiffs. The parties will be designated here as they were in the trial court.

All of the facts were stipulated by the parties. Defendant Granite State Fire Insurance Company wrote a policy of insurance upon an automobile owned by Harold T. Parker. In the application for insurance Parker stated that he was not under 25 years of age. This statement was false, as Parker was 24 years old. This misrepresentation was made for the purpose of obtaining a lower premium rate. Parker left his automobile with Boyd L. Pearson, Jr., for the purpose of having Pearson make a carburetor adjustment. While driving the automobile, Pearson was in collision with another automobile in which plaintiff Roberts was a passenger. Plaintiff Roberts was injured and brought another suit against Parker and Pearson. Defendant Granite State Fire Insurance Company investigated the collision and found that Parker had misrepresented his age, and defended Parker in such suit under a reservation of rights. United States Casualty Company, one of the plaintiffs in this present suit, had written a policy of insurance on Pearson with limits of $5,000.00 for bodily injury to one person. United States Casualty Company defended Pearson in the first suit filed, which grew out of the colli-

sion. Roberts recovered a judgment against Pearson for $6,700.00, which judgment became final. Demand of payment was made upon defendant which was refused. United States Casualty Company paid Roberts $5,000.00 plus interest and incurred certain expenses defending the first suit. This action was brought by plaintiff Roberts to recover $1,700.00 plus interest, which was the balance due on the judgment recovered in the first suit against Pearson. United States Casualty Company joined in this suit as plaintiff to recover the $5,000.00 paid plaintiff Roberts on the Pearson judgment and also to recover the cost of defending Pearson in the first case.

Defendant contends that the misrepresentation by Parker of a material fact, that is, as to his age, for the purpose of securing a lower premium rate, relied upon by defendant, made the policy of insurance void or voidable. Defendant also contends this misrepresentation was a breach of warranty.

The misrepresentation as to age was contained in the rating information endorsement or application which was attached to the policy of insurance. This endorsement contained the following provision:

> "It is agreed that this endorsement is for rating information only, and does not affect any of the declarations, insuring agreements, exclusions, or conditions of the policy, other than the applicable premium for the coverages afforded."

■ We have been cited no Texas cases directly in point. We have concluded that this policy of insurance would be void or voidable only as it was so provided in the policy. If the insurance company had intended that the policy of insurance be void or voidable it could have provided in the policy that there would be no coverage if the age of the insured was misrepresented. The terms of this policy indicates that such was not the intention of the parties as it is specifically provided that this endorsement containing the information as to the age of

the insured is for rating information only, and does not affect any of the *declarations, insuring agreements, exclusions* or *conditions* of the policy. (Emphasis ours) For the same reasons this was not a breach of warranty. There is no pleading nor stipulation that defendant would not have entered into this contract of insurance if it had known Parker was less than 25 years of age. There is every indication that defendant would merely have collected a higher premium for the insurance. The points are overruled.

Defendant next contends it is not bound under the policy of insurance because Pearson was driving the automobile at the time and place of the collision without the knowledge and permission of Parker. This policy of insurance provided that the persons insured with respect to the automobile are:

> "(1) the named insured and any resident of the same household,
>
> "(2) any other person using the automobile, provided the actual use thereof is with the permission of the named insured."

The facts in reference to this point were stipulated to as follows:

> "On the night of April 29, 1958, Harold T. Parker left his automobile with Boyd L. Pearson, Jr., in Beaumont, Texas, for the purpose of having Pearson complete a carburetor adjustment, with the understanding that Pearson would deliver the said automobile to Parker at the Gulf Oil Corporation's parking lot in Port Arthur, Texas, the following morning. Both Harold T. Parker and Boyd L. Pearson, Jr., were employed at the Gulf Oil Corporation in Port Arthur, Texas. Pearson completed the carburetor adjustment and the next morning, without the knowledge of Parker, instead of taking the automobile directly back to Parker, at the Gulf Oil Corporation parking lot in Port Arthur, Texas, he on said day (April 30, 1958) used it to pick up mem-

bers of his (not Parker's) car pool to take them from their respective residences to the Gulf Oil Corporation at Port Arthur, before getting the car to Parker. While so using said car to pick up members of his car pool and while enroute to the residences of the members of his car pool in Beaumont, Texas, Pearson was involved in a collision at the intersection of Fillmore and Cleveland Streets, Beaumont, Texas, with an automobile driven by Peter Victor Garcia and in which collision Archie M. Roberts sustained bodily injuries."

It is noted that according to the stipulation it was the understanding that Pearson would deliver the automobile to Parker at the Gulf Oil Corporation's parking lot in Port Arthur, Texas, the following morning. There was nothing in the stipulation to show that it was agreed that Pearson would take the shortest and most direct route, and that Pearson would not pick up the members of his car pool on the way. The term "permission" is broader than the term "course of employment". We hold that Pearson was driving with permission of Parker at the time of the collision. If this was a deviation from the permission granted, it was only a minor deviation, and would not have the effect of removing the trip taken from coverage by the insurance policy. Sheppard v. Employers' Casualty Co., Tex.Civ.App., 365 S.W.2d 367. The point is overruled.

◼ Defendant also contends the judgment against it in the amount of $8,768.49 is in excess of its policy limit of $5,000.00. The two paragraphs in the judgment reflecting the disposition of this case read as follows:

"ORDERED, ADJUDGED AND DECREED by the Court that the plaintiffs, Archie M. Roberts, Boyd L. Pearson, Jr., and United States Casualty Company, do have and recover of and from the defendant, Granite State Fire Insurance Company, the sum of SEVEN THOUSAND SEVENTY–ONE and 36/100 DOLLARS ($7,071.36), together with interest thereon at the rate of six per cent (6%) per annum from October 3, 1960, amounting to SIXTEEN HUNDRED NINETY–SEVEN AND 13/100 DOLLARS ($1,697.13), for a total sum of EIGHT THOUSAND SEVEN HUNDRED SIXTY-EIGHT AND 49/100 DOLLARS ($8,768.49).

"It is further ORDERED, ADJUDGED, and DECREED by the Court that the above-described amount of EIGHT THOUSAND SEVEN HUNDRED SIXTY–EIGHT and 49/100 (($8,768.49) DOLLARS adjudged against the defendant, Granite State Fire Insurance Company, shall be apportioned between the plaintiffs by awarding the plaintiffs, Archie M. Roberts, and Boyd L. Pearson, Jr., the sum of SEVENTEEN HUNDRED AND NO/100 DOLLARS ($1,700.00), together with interest thereon in the amount of FOUR HUNDRED EIGHT AND NO/100 DOLLARS ($408.00), for a toal sum of TWO THOUSAND ONE HUNDRED EIGHT AND NO/100 DOLLARS ($2,108.00), and awarding the plaintiff, United States Casualty Company, the sum of FIVE THOUSAND THREE HUNDRED SEVENTY–ONE AND 36/100 DOLLARS ($5,371.36), together with interest thereon in the amount of ONE THOUSAND TWO HUNDRED EIGHTY–NINE AND 13/100 DOLLARS ($1,289.13), for a total sum of SIX THOUSAND SIX HUNDRED SIXTY and 49/100 DOLLARS ($6,660.49)."

The total amount of the judgment, that is, $8,768.49, is $5,000.00 plus the amount of expense incurred by United States Casualty Company, plus interest from the date of the original judgment at the rate of 6% per

annum. Inasmuch as the total amount of the judgment is correct, the apportionment of this amount by the court among the plaintiffs is a matter only the plaintiffs can complain about. The point is overruled.

Affirmed.