**Robert HALL et al., Appellants,**

v.

**Ira DORSEY et al., Appellees.**

**No. 17583.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1980.

Rehearing Denied March 6, 1980.

Lawrence, Thornton, Payne & Watson, C. J. Kling, Bryan, for appellants.

Joe Falco, Jr., Navasota, Roger Knight, Jr., Madisonville, Cayetano (Tom) Zarate, Jr., Joe S. Maida, Emmett Moore, Denton E. Ragland, Jr., Houston, for appellees.

PEDEN, Justice.

Robert Hall and Jimmy Hall appeal from a judgment rendered against them as defendants in a personal injury and wrongful death action brought as a result of a rear-end collision. The appellants urge sixty-two points of error, but the principal question presented is whether the denial of their motion for a continuance constituted reversible error. We affirm.

On November 3, 1978, Ira Dorsey, Mae Ester Dorsey, Tom Spearman, Edna Mable, and Walter Webber were riding in a Ford car driven by Mr. Dorsey when it was struck from behind by a Pontiac driven by Jimmy Hall. Robert Hall, owner of the Pontiac, was not present. Mr. and Mrs. Dorsey, Mr. Spearman, and Mr. Webber allegedly sustained injuries as a result of the collision and were hospitalized. Mrs. Mable died about thirty minutes after the accident, and Mr. Webber died six days later.

In December, 1978, Mr. and Mrs. Dorsey, Mr. Spearman, and the surviving brothers and sisters of Mrs. Mable filed cause number 23,010 against the appellants in the district court of Grimes County. The defendants filed only a general denial. On March 7, 1979, the plaintiffs filed an amended petition joining as a defendant Millers Casualty Insurance Company, the Dorseys' insurer, alleging that Millers was liable to the Dorseys under underinsured motorists coverage in their policy. On March 15, Ammie M. Kinch, the surviving daughter of Walter Webber, intervened in cause 23,010. At plaintiffs' request, the case was set for a jury trial on May 8, 1979.

On March 21, Gloria Hutchison and eight others, all heirs of Edna Mable, filed suit number 23,100 in the same court against Jimmy Hall.

When cause 23,010 was called for trial on May 8, the plaintiffs moved to consolidate it with cause 23,100. Although notice of the motion had not been given to the Hutchison plaintiffs or to the defendants, the trial court consolidated the two suits under the number 23,010. Immediately thereafter, the consolidated cause was called for trial, despite the absence of the Hutchison plaintiffs and their attorney, Mr. Maida.[1] At that time, the Dorsey plaintiffs offered to settle their case for $20,000, which was within the limits of Robert Hall's insurance policy. This offer was neither refused nor explicitly accepted. Appellants then announced not ready and moved for a continuance, which was denied.

The court next granted leave to intervene to James A. Webber, Walter Webber's surviving son. Appellants moved to join as involuntary parties plaintiff Ben Britt and Leo Charles Frede, alleged to be the driver and passenger of a truck also said to have been involved in the collision. The trial judge overruled this motion "because of

---

1. Although neither these plaintiffs nor their attorney had received formal notice of this motion or appeared in the courtroom, the trial judge awarded damages to them, and they do not complain of the consolidation or of the court's having proceeded to trial in their absence.

undue delay in filing said motion in waiting till the date of the trial to present same."

Appellants again asked for a continuance, and it was again denied. At that point, their attorney stated:

Your Honor, at this time then on behalf of Robert Hall and Jimmy Hall, Defendants in this consolidated cause, I would tender into the Registry of the Court the policy limits of the insurance policy that was owned by Robert Hall, those policy limits being twenty thousand dollars, and would submit that sum of money to the Court for division among the several Plaintiffs.

Defendant Millers Casualty then tendered into the registry of the court its additional $20,000. Finally, the parties present stipulated that there was only $40,000 of coverage offered by the Hall defendants and by Millers Casualty and that "[r]egardless of the action of the trial court in awarding damages, in no event [would] the plaintiffs seek to recover more than forty thousand dollars in damages aggregately or collectively.

The court then proceeded, without a jury, to hear evidence and argument of counsel as to the medical and funeral expenses incurred by the plaintiffs. Depositions of the defendants were also introduced. When all parties had rested, the court announced its judgment. Mrs. Mable's brothers and sisters were found to have no standing to sue, and the court ordered that they take nothing from the defendants. The $40,000 before the court was apportioned among the plaintiffs as follows: $19,000 to Ira Dorsey, $5,000 to Mae Ester Dorsey, $4,000 to Tom Spearman, $5,000 to the Hutchison plaintiffs on behalf of Edna Mable, and $7,000 to the intervenors on behalf of Walter Webber. Only Robert and Jimmy Hall have appealed from the judgment.

The appellants assert in their sixty-first point of error that the trial court erred and abused its discretion in overruling their motion for a continuance.

The motion alleged:

1. That this suit arose out of an automobile collision, and that the vehicles involved included a pickup truck occupied by Ben Britt and Leo Charles Frede; a Ford car occupied by Ira and Mae Esther Dorsey, Tom Spearman, Edna Mable, and Walter Webber; and a Pontiac occupied by defendant Jimmy Hall.

2. That the Dorseys and Spearman were plaintiffs in cause 23,010, and that a daughter of Walter Webber, deceased, was intervenor in that cause. Certain other persons (named) were plaintiffs in cause 23,010 and were alleged to be heirs of Edna Mable, deceased.

3. "That Leo Charles Frede and Ben Britt are proper, necessary, and indispensable parties."

4. (we omit a complaint that was immediately satisfied)

5. "That no notice has been given of the proposed consolidation of Cause No. 23,010 and Cause No. 23,100."

6. That the plaintiffs in Cause No. 23,010 (relatives of Edna Mable, deceased) and their attorney of record, Joe Maida, were not present in the courtroom, did not consent to the consolidation, and made no announcement of ready for trial.

7. That the defendants, by and through their attorney of record, had no notice that the consolidated cause would be called for trial.

No record of the hearing on the motion for continuance is before this court for review. After the motion for continuance had been overruled, counsel for the defendants asked permission to join as involuntary plaintiffs Mr. Britt and Mr. Frede. He said they were the passenger and the driver of "the third vehicle involved in the collision" and were necessary, proper, and indispensable parties in that in their absence from this suit complete relief would not be afforded to the defendants; they would be exposed "to a possibility of a multiplicity of lawsuits."

The trial judge stated that he overruled the motion because the court's file showed

undue delay in waiting until the date of the trial to file the motion. Appellants' counsel pointed out that cause 23,010 was filed on December 6, 1978, his answer was filed on January 2, 1979, and the trial date was May 8, 1979; he argued that his motion to join was timely filed.

Rule 251, Texas Rules of Civil Procedure, provides: "No application for a continuance shall be . . . granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."

In our case the trial judge ordered consolidation of all of the claims of injury and death of those who were in the Ford car that was struck by the Hall Pontiac. The defendants did not allege in their motion for continuance that they would be harmed by the consolidation or by the trial of the consolidated cause without notice, and the statement of facts demonstrates (as we will show) that they were not harmed.

Rule 72, Tex.R.Civ.Proc., provides that whenever any party files a motion he must deliver or mail a copy to the adverse party, and his attorney must certify in writing on the filed motion that he has complied with the Rule. In addition, Rule 21a provides that "[i]f the time of service is not elsewhere prescribed, the adverse party is entitled to three day's notice of a motion." Finally, Rule 245, Tex.R.Civ.Proc., provides for setting of contested cases for trial "with reasonable notice of not less than 10 days to the parties."

■ There is no question but that in this case these Rules were violated and that it was error to consolidate the two suits without notice to the appellants and to proceed to trial immediately on the consolidated cause. However, we fail to see how the appellants were harmed. They were already present in the courtroom with their attorney, presumably ready to proceed to trial in Cause No. 23,010. The missing Hutchison plaintiffs put on no evidence and obviously did not participate in the trial in any way. If anything, consolidation was helpful to the appellants, especially in view of the settlement, as it resulted in the plaintiffs in Cause No. 23,100 being included in and bound by the final judgment. The violation of the Rules resulted in no harm to the appellants.

■ Appellants are also unable to complain of the absence of the plaintiffs in Cause 23,100, the lack of their consent to consolidation, or the lack of their consent to trial, without a showing that the resulting error, if any, injuriously affected the appellants. *Jackson v. Fontaine's Clinics, Inc.,* 499 S.W.2d 87 (Tex.1973); 4 Tex.Jur.2d Rev., Part 2, Appeal & Error—Civil Cases § 680. We have noted that those plaintiffs have not appealed from the trial court's judgment.

We next consider the remaining item in the motion for continuance: "That Leo Charles Frede and Ben Britt are proper, necessary, and indispensable parties." The appellants base their claim that Frede and Britt were necessary or indispensable parties on subdivision (a) of Rule 39, Texas Rules of Civil Procedure. As amended in 1971, it provides in pertinent part:

A person who is subject to service of process shall be joined as a party in the action if . . . he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

There is nothing in the record to indicate whether Mr. Britt or Mr. Frede is subject to service of process and nothing to show whether either of them is asserting a claim against the appellants as a result of the collision. Rule 39, as amended, speaks of persons who *claim* an interest, not of persons who only *have* an interest. Chief Justice Guittard of the Dallas Court of Civil Appeals pointed out in *In re Estate of*

*O'Hara*, 549 S.W.2d 233, 237 (Tex.Civ.App. 1977, no writ):

> [M]ere assertion that someone has a potential claim does not establish that the alleged claimant must be joined before the action can proceed. Neither will such an unsupported assertion suffice on appeal to require that the result of the proceeding in the trial court be undone. The court must examine the potential basis of the claim to determine whether, as a practical matter, the absent persons have interests in the subject matter . .

The only indication regarding the nature of the potential claims of Mr. Britt and Mr. Frede is in the form of a statement by appellants' counsel at trial and a sentence in appellants' brief on this appeal. In moving at trial to join them as involuntary plaintiffs, counsel said Mr. Frede and Mr. Britt were "the driver and occupant of the third vehicle involved in this collision." A similar unchallenged statement appears in the brief, so it will be accepted as true under Rule 419; but there is no proof as to the nature of their involvement or whether either of them was damaged.

Robert Hall's insurance policy, which was admitted as an exhibit at trial, shows that his bodily injury liability coverage was limited to $20,000 for all claims arising out of a single occurrence. That $20,000 has been awarded to the appellees in this case, so that if Mr. Britt or Mr. Frede should now bring suit against the appellants, the appellants might be personally liable for any damages that might be awarded. It does not appear to us that simply having to pay more money as a result of the same act of negligence means that one is incurring the kind of multiple obligations that Rule 39 is designed to prevent. Even if Mr. Britt and Mr. Frede had been joined in this suit, they might not have settled for a share of the offered $20,000, and the appellants would have faced the same possibility of risking their own funds. In fact, until the defendants in this suit tendered their respective $20,000 and obtained a stipulation limiting the plaintiffs' claims, they were potentially liable for much more under the plaintiffs' pleadings.

■ It might be argued that the multiple obligation the appellants may incur lies in the additional parties to whom they may now be liable, that is, that multiple obligations are the same as obligations to multiple parties. Such is not the case. Multiple obligations refer to payment of the *same* claim to more than one person, as for example when joint payees on a note bring separate suits against the payor and both obtain judgment on the same claim. In this case, any claims that Mr. Britt or Mr. Frede might have against the appellants would be wholly independent of the claims of the appellees, despite their having arisen from the same accident. Rule 39(a) is designed to avoid subjecting a person to the risk of paying the *same claim* more than once. It was not intended to prevent the bringing of multiple *suits* based on *independent claims* arising from the same facts.

In *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.1974), the Texas Supreme Court at 204 construed for the first time paragraph (a) of amended Rule 39, observing that the proper concern of an appellate court "is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present." The Court then went on to state:

> Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined. . . . [T]here is no arbitrary standard or precise formula for determining whether a particular person falls within its provisions.

■ We think it clear that joinder of Mr. Frede and Mr. Britt was not required by paragraph (a) of Rule 39 but was a matter within the discretion of the trial judge. *Royal Petroleum Corporation v. Dennis*, 160 Tex. 392, 332 S.W.2d 313 (1960). Since the record did not reflect that either Mr. Frede or Mr. Britt had a claim arising

from the collision, we cannot say the judge abused his discretion in refusing to order their joinder. The denial of that part of the motion for continuance which was based on their absence from the suit cannot constitute error.

Thus, appellants' points of error sixty-one and sixty-two, which complain of the denial of the motion for continuance and of the motion to join Mr. Britt and Mr. Frede, must be overruled. Similarly, points of error fifty-four through sixty, which complain of the consolidation and proceeding to trial, are also overruled.

We also find no error in the matters complained of in the appellants' first fifty points of error. In those points they attack the trial court's actions in entering judgment for each plaintiff and intervenor, in finding that certain persons actually sustained injuries or died as a result of the accident, and in finding that the parties incurred certain medical and funeral expenses.

■ When the defendants Hall and Millers Casualty tendered a total of $40,000 into the registry of the court for division among the plaintiffs, they did so without reservation or condition. They then stipulated that no more than that amount would be sought by the plaintiffs, and the parties waived trial by jury, so the only issue before the trial judge was the division of the $40,000 among the plaintiffs. The plaintiffs do not complain of the division, and defendants-appellants have no standing to do so. *Granite State Fire Insurance Co. v. Roberts*, 391 S.W.2d 825 (Tex.Civ.App.1965, writ ref. n. r. e.). Further, the appellants have not shown how the alleged errors prejudiced their rights.

Appellants assert that their tender of the insurance policy limits was compelled by the Dorsey plaintiffs' offer to settle, in view of the decision in *G. A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm.App.1929). That case stands generally for the proposition that an indemnity insurer defending a suit against its insured must exercise ordinary care in considering settlement offers and, specifically,

may be liable for the entire amount of a judgment which exceeds the policy limits if it has rejected an offer within those limits.

■ Appellants' compulsion theory is unacceptable for two reasons. First, the *Stowers* doctrine applies to insurance companies not to individual defendants, the insured parties. Robert and Jimmy Hall were under no obligation to accept a settlement offer because of *Stowers*. Their attorney stated that he was making the tender on their behalf; he did not say that he was acting for their insurer.

■ Second, there was no complaint made of any compulsion on appellants' part when the monies were tendered, nor even any mention of the *Stowers* doctrine. The decision to accept a low settlement figure rather than risk possible liability in a much larger amount is a strategic decision which a defendant makes for his own benefit. If appellants were indeed making the tender under protest, it was incumbent upon them to say so at the time. See *Plasky v. Gulf Insurance Company*, 160 Tex. 612, 335 S.W.2d 581, 583 (1960); *Jackson v. Fleming Co., Inc.*, 487 S.W.2d 190 (Tex.Civ.App.1972, no writ).

■ In points of error fifty-one through fifty-three, Robert Hall complains about the trial court's having rendered judgment against him, but the error, if any, was harmless. Rule 434, T.R.C.P. The amount of his insurance coverage was tendered by his counsel for division among the plaintiffs, and the judgment does not exceed that amount. The points are overruled.

The Hutchison plaintiffs/appellees present two cross-points in which they urge that this court has no jurisdiction over this appeal because appellants failed to timely file both the transcript and the statement of facts.

■ If appellants' motion for new trial was overruled by operation of law on August 10, 1979, then the deadline for filing the record on appeal was October 9. Rules 4, 386, Tex.R.Civ.Proc. The transcript was filed on that date and was followed six days

later by a timely motion under Rule 21c for extension of time until October 26 for filing the statement of facts. The motion was granted by this court on November 1, at which time the statement of facts (which had already been received) was marked filed. Therefore, if the motion for new trial was indeed overruled by operation of law, then the record was timely filed.

Appellees call to our attention an order signed by the trial judge in which he purported to have overruled the motion for new trial on July 26. This written order does not pretend to overrule the motion but rather, in connection with another matter, simply indicates that the motion had already been overruled on July 26. The record before this court contains no other evidence indicating that the motion was overruled before August 10.

We hold that in the absence of a written draft of the purported July 26 order, the appellants' motion for new trial was overruled by operation of law on August 10 and that the record on appeal was timely filed. The written order mentioned above was a nullity insofar as it purported to affect either the motion for new trial or the time-table for filing papers on appeal. See *Flowers v. Muse*, 427 S.W.2d 727 (Tex.Civ. App.1968, writ ref.); *Washington v. Golden State Mutual Life Insurance Company*, 405 S.W.2d 856 (Tex.Civ.App.1966, writ ref., 408 S.W.2d 227); *Hernandez v. Baucum*, 338 S.W.2d 481 (Tex.Civ.App.1960, no writ).

The appellees' cross-points are overruled.

The judgment of the trial court is affirmed.

EVANS and WARREN, JJ., participated.