STATE of Alaska, DEPARTMENT OF CORRECTIONS, Appellant,

v.

KILA, INC., Appellee.

No. S–5971.

Supreme Court of Alaska.

Nov. 4, 1994.

Marilyn May, Asst. Atty. Gen., Anchorage, Bruce M. Botelho, Atty. Gen., Juneau, for appellant.

Ward M. Merdes, Merdes & Merdes, P.C., Fairbanks, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

PER CURIAM.

Alaska Civil Rule 4(d)(7) provides that service of process upon the State is effected by sending a copy of the summons and the complaint by registered or certified mail to the Attorney General of Alaska, Juneau, Alaska, and

[b] to the chief of the attorney general's office in Fairbanks, Alaska, when the matter is filed in the Fourth Judicial District.

Subsection (8) of Civil Rule 4(d) provides for service of an officer or agency of the State

by serving the State of Alaska as provided in the preceding paragraph of this rule, and by delivering a copy of the summons and of the complaint to such officer or agency.

What passed for service in this case was accomplished by mailing the summons and complaint by certified mail to "Larry McKinstry, Assistant Attorney General, Criminal Division Central Office, P.O. Box KC, Juneau, AK 99811" and to "Attorney General's Office, 100 Cushman Street, Key Bank Building, Fairbanks, AK 99701." This did not comply with Civil Rule 4(d)(7) because it was not mailed to the Attorney General in Juneau, nor to the Chief of the Attorney General's Office in Fairbanks. Further, as to service on the Department of Corrections, the service did not comply with Civil Rule 4(d)(8) because, in addition to the defects noted above, the summons and complaint was not delivered to an officer, managing or general agent, or other agent authorized by appointment or by law to receive

service of process on behalf of the Department of Corrections. These deficiencies in service of process render the default judgment void. *Alaska State–Operated School System v. Mueller,* 536 P.2d 99, 104 (Alaska 1975).

KILA relies on a theory of substantial compliance, citing such cases as *Murat v. F/V Shelikof Strait,* 793 P.2d 69 (Alaska 1990); *Case v. Winters,* 689 P.2d 467 (Alaska 1984); and *Balchen v. Balchen,* 566 P.2d 1324 (Alaska 1977). These cases are distinguishable· as they involved technical noncompliance with some aspect of Civil Rule 5, which concerns service of pleadings. By contrast, this case involves noncompliance with Civil Rule 4, which deals with the service of the summons and complaint, documents necessary to effect personal jurisdiction. We have never employed a substantial compliance doctrine in connection with Civil Rule 4. Further, assuming that such a doctrine might be applicable, it is our view that there was not substantial compliance in this case in view of the three defects in service.

■ Moreover, the attorney for KILA violated the following precept:

When [a lawyer] knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.

*Hertz v. Berzanske,* 704 P.2d 767, 772 (Alaska 1985) (quoting American College of Trial Lawyers Code of Trial Conduct No. 14(a), at 149 (1971–72)); *see also City of Valdez v. Salomon,* 637 P.2d 298, 299 (Alaska 1981); *Cook v. Aurora Motors, Inc.,* 503 P.2d 1046, 1049 n. 6 (Alaska 1972). Here, the record indicates that the attorney for KILA knew that Larry McKinstry was representing the State concerning this dispute and did not inquire about his intention to proceed before seeking a default or dismissal. Thus, were this matter not void for want of proper service of process under Civil Rule 60(b)(4), it would have been subject to attack based on this violation.

For the above reasons the order of the superior court denying the motion of the State to set aside the default judgment is REVERSED and this case is REMANDED to the superior court with instructions to set aside the default judgment.

ORDER

On consideration of appellant's motion to publish opinion, filed on September 27, 1994,

IT IS ORDERED:

1. The motion is GRANTED.

2. Memorandum Opinion and Judgment No. 0737, issued on September 14, 1994, is WITHDRAWN.

3. Opinion No. 4141 is issued on this date in its place.

Entered by direction of the Court at Anchorage, Alaska on November 4, 1994.