*Notice: This opinion is subject to correction before publication in the Pacific Reporter. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CONNIE STOCKTON, | ) | |
| | ) | Supreme Court No. S-18272 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-12-02356 CI |
| v. | ) | |
| | ) | O P I N I O N |
| VERAL STOCKTON, | ) | |
| | ) | |
| Appellee. | ) | No. 7666 – July 14, 2023 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Paul R. Lyle, Judge.

Appearances: Lance Christian Wells, Law Offices of Lance Christian Wells, LLC, Anchorage, for Appellant. Christopher E. Zimmerman, Zimmerman & Wallace, Fairbanks, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

BORGHESAN, Justice.

## I. INTRODUCTION

A woman challenges the superior court's order denying relief from judgment under Alaska Civil Rule 60(b). She seeks to overturn a default judgment, entered against her in 2013, that divided marital property upon divorce from her husband. Asserting that she suffered from severe depression during the divorce proceedings and that her husband improperly served the notice of default, she argues

that the judgment was void for lack of due process and, alternatively, should be vacated due to extraordinary circumstances. We affirm the superior court's factual finding that she was not incompetent at the time of divorce and its legal rulings that the judgment was not void and extraordinary circumstances warranting relief were not shown.

## II. FACTS AND PROCEEDINGS

### A. Facts

Connie and Veral Stockton were married in 1981 in Washington. In 2007 Connie began suffering from severe depression. She and Veral moved to Alaska in 2009. Her depression continued.

Veral filed for divorce in 2012. Connie was personally served with the complaint for divorce at the marital home in Fairbanks, where she was still living at the time. Connie then moved back to Washington. In early 2013 Veral applied for entry of default after Connie failed to answer the complaint. The party filing an application for default must state whether the party against whom default is sought is mentally incompetent.[1] Veral indicated Connie was not mentally incompetent. Veral served a copy of the application by mailing it to Connie at the marital home in Fairbanks despite knowing that she had moved to Washington. Connie did not respond, and a default was entered against her.

### B. Proceedings

#### 1. Connie's Rule 60(b) motion

In January 2021 Connie moved for relief from judgment. Connie argued that the judgment was void due to her mental illness and the defective service of the default application.[2] She also argued that she was entitled to relief because property

---

[1] Alaska R. Civ. P. 55(c)(2).

[2] Alaska R. Civ. P. 60(b)(4) (permitting court to grant relief from judgment where judgment is void).

division in the default divorce decree was "poorly thought out."[3]  Veral opposed. Connie and Veral testified at an evidentiary hearing.

### a.  Connie's testimony

Connie testified that from 2007 to around 2019 she was suffering from severe mental illness.  She testified that she was "basically bedridden," spending approximately 20 to 22 hours in bed every day, from 2007 to 2015.  But Connie also testified that during that time she was able to engage in activities such as driving long distances and caring for her grandchild.  Connie testified that in 2012 she gave her son a power of attorney to take care of her financial affairs because she was "severely depressed and did not feel that [she] could do it [herself]."

Regarding the divorce proceedings, Connie asserted that when she was personally served with the summons and complaint in 2012, she did not understand what the documents meant because of the severity of her depression.  Connie also explained that she had relocated to Washington before Veral sent notice of the application for default to the Fairbanks home.  She testified that Veral knew she was no longer living in Fairbanks because he helped arrange her move.

Connie testified that she began taking charge of her own personal affairs again at some point in 2019.  She said it was also in 2019 that she first looked at her divorce papers and felt that the property division was not fair or equitable.  When asked why she did not seek relief at that point, Connie responded, "I did not feel that my mental health was back in order to handle all the details and stress to get things legally done."  Connie also cited her financial situation as reason for not moving for relief until January 2021.  She stated she had to wait to come up with money to pay for an attorney and to "feel that [she] could deal with the expenses."

---

[3]  Alaska R. Civ. P. 60(b)(6) (permitting court to grant relief from judgment for "any other reason justifying relief from the operation of the judgment").

Connie urged the superior court to reconsider the marital property division. She asserted that Veral withheld certain facts during the default hearing, and so was awarded a disproportionate amount of the marital estate including her inheritance from her deceased mother.

### b. Veral's testimony

Veral acknowledged sending the notice of default to Fairbanks despite knowing Connie had already moved back to Washington. He conceded he knew how to contact her in Washington and even paid her rent and utility bills while she was there. Veral stated he served the notice of default in Fairbanks because he "did not have the benefit of legal counsel. [He] was under the impression that [he] was required to serve Connie at the address where she was served with the [c]omplaint, so [he] did so." Regarding Connie's allegation that Veral kept her inheritance and did not disclose it to the court at the default hearing, Veral stated he did not keep the money and that all remaining funds from Connie's inheritance were deposited in Connie's separate checking account.

### 2. Superior court's findings

The superior court denied Connie's motion for relief. The court found that "evidence establishes that Connie was suffering from depression from 2012 through January 2015," but also determined that Connie "regained her cognitive function and was capable of tending to her legal affairs" sometime between the beginning of 2015 and the end of 2018. The court was "concerned" that Connie did not submit any medical records dated after 2015. Citing Connie's own testimony that she began taking care of some of her own financial affairs before 2019, the court reasoned that "[a] person who can pay [her] own bills, live in [her] own apartment, get up every morning to care for young children throughout the day without incident, and prepare meals is not likely incompetent to attend to [her] legal affairs."

The court also found that Veral did not misrepresent Connie's competency when he filed the application for default in 2013. The court reasoned that Connie's ability to care for a grandchild gave Veral reason to conclude she was competent.

The court found that Connie had not shown that she was too depressed to understand the import of the divorce complaint and summons or to file an answer. The court pointed to Connie's 25 years of employment as court clerk in Washington and found it "inconceivable that Connie's depression was so debilitating that she would not have understood the import of a summons and complaint." The court did not credit Connie's claim that she was forced to delay filing her motion to gather funds because in mid-2019 her retirement account had at least $32,000 in it. It found that this was the same retirement account from which she ultimately withdrew funds to pay for her attorney.

## III. STANDARD OF REVIEW

"We review the superior court's findings of fact for clear error."[4] "A finding is clearly erroneous if we are 'left with a definite and firm conviction that the trial court has made a mistake.' "[5] We review the denial of a motion for relief from judgment under Rule 60(b)(4) de novo.[6] Whether the mutual exclusivity rule bars relief under Rule 60(b)(6) is also a question of law we review de novo.[7]

---

[4]     *Rohde v. Rohde*, 507 P.3d 986, 991-92 (Alaska 2022) (citing *Aubert v. Wilson*, 483 P.3d 179, 186 (Alaska 2021)).

[5]     *Id.* at 992 (quoting *Fredrickson v. Button*, 426 P.3d 1047, 1052 (Alaska 2018)).

[6]     *Blaufuss v. Ball*, 305 P.3d 281, 285 (Alaska 2013).

[7]     *See Chena Obstetrics & Gynecology, P.C. v. Bridges*, 502 P.3d 951, 963-64 (Alaska 2022), *reh'g denied* (Feb. 14, 2022) (applying independent judgment to question whether mutual exclusivity rule bars relief under Rule 60(b)(6)); *Vill. of Chefornak v. Hooper Bay Constr. Co.*, 758 P.2d 1266, 1270-71 (Alaska 1988) (same).

## IV. DISCUSSION

### A. The Superior Court Did Not Err By Denying Relief Under Rule 60(b)(4).

Rule 60(b)(4) permits a court to grant relief from a final judgment if the judgment is void. A "judgment is not void merely because it is erroneous."[8] A judgment is void only "if the issuing court lacked subject matter jurisdiction or violated due process."[9] A judgment that is merely voidable, rather than void, does not justify relief under Rule 60(b)(4).[10] Connie argues that the default judgment was void because she was suffering from severe depression when it was entered and because the notice of default was not properly served on her.[11]

#### 1. The superior court's finding that Connie was not incompetent was not clearly erroneous.

We have never addressed the question whether a judgment entered against an incompetent person is void as a matter of law. Jurisdictions that have addressed this question generally hold that a judgment entered against an incompetent party is merely voidable, not void.[12] But we need not decide this question because the superior court did not clearly err in finding Connie was competent.

---

[8] *Blaufuss*, 305 P.3d at 286.

[9] *Id.* at 285.

[10] *Heber v. Heber*, 330 P.3d 926, 930 (Alaska 2014).

[11] Connie's allegations and arguments largely sound in fraud, which is more properly addressed under subsection (b)(3) as "fraud . . . , misrepresentation, or other misconduct of an adverse party." But her motion for relief from judgment would not have been timely under that subsection, which has a strict one-year deadline, and she does not expressly invoke it. *See* Alaska R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the date of notice of the judgment . . . .").

[12] *Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986) ("[J]udgments entered against even legally adjudicated mental incompetents not represented by natural or appointed guardians are not void on the basis alone of their incompetence and lack

The superior court did not credit Connie's assertion that she was incompetent. The court found it "inconceivable that Connie's depression was so debilitating that she would not have understood the import of a summons and complaint or . . . what would happen if she failed to answer or appear." This finding rested on Connie's 25-year history as a court clerk and the fact that by 2012 she was well enough to care for her young grandchild. Given the evidence in the record, we do not have a firm conviction that the superior court made a mistake.

### 2. Failure to serve notice of default on Connie did not violate due process, so the judgment is not void.

Connie argues that the judgment is void because Veral violated her due process rights when he knowingly sent the notice of the default application to an address at which she no longer resided. Service of process often implicates due process concerns.[13] But failure to effectively serve a notice of default does not amount to a due process violation, so the error does not make the judgment against Connie void.

---

of representation."); *Scott v. United States*, 190 F.2d 134, 137 (5th Cir. 1951) ("Lack of proper representation of a mental incompetent does not of itself render a judgment against him void. Such a judgment is merely voidable, good until set aside on direct attack."); *McCampbell v. Warrich Corp.*, 109 F.2d 115, 118 (7th Cir. 1940) (holding that after jurisdiction attaches "the decree of the court must be sustained against collateral attack regardless of how erroneous it may be in other respects" and applying rule to mentally incompetent persons); *Mitchell v. Gales*, 61 A.3d 678, 685 (D.C. 2013) ("[A] judgment entered against an incompetent party is not void, but merely voidable."); *Williams v. Pyles*, 363 S.W.2d 675, 678 (Mo. 1963) (holding judgment entered against mentally incompetent party is voidable); *Hodges v. Hodges*, 435 P.2d 784, 788 (Mont. 1967) (holding judgment entered against mentally incompetent party is "at most merely voidable," not void); *McCaughey v. Lester*, 278 P.2d 826, 828 (Okla. 1954) (holding judgment against mentally incompetent person is not void); *Withrow v. Smithson*, 17 S.E. 316, 316 (W. Va. 1893) (same).

[13] *See Beam v. Adams*, 749 P.2d 366, 367 (Alaska 1988) ("Service of process is a preliminary requirement to a court obtaining personal jurisdiction over a party. It satisfies the notice requirement essential to due process of law.").

"An 'elementary and fundamental' requirement of procedural due process is notice reasonably calculated, under all the circumstances, to inform interested parties of action affecting their property rights.' "[14] "[T]aking a default judgment without notice, while a serious error, should not ordinarily be regarded as rendering the underlying judgment void."[15] Yet failure to comply with notice requirements "in conjunction with other irregularities may render the judgment void."[16]

It is undisputed that Veral failed to serve the default application on Connie in accordance with our civil rules. Alaska Civil Rule 55(a)(1) requires that "the party seeking default must serve the application on all parties, including the party against whom the default is sought, in accordance with Civil Rule 5." Alaska Civil Rule 5(b) provides for effective service at multiple locations, but if service is being delivered by mail to an unrepresented party, the rule specifies that service must be made by delivering a copy to the party's "last known address."[17]

The history of Civil Rule 55(a)(1) shows we have never understood service of a default application on a nonappearing party to be a requirement of due process. The rule has not always required service of a default application on a nonappearing party. In 1987 the rule was amended to expressly state that service of the

---

[14] *City of Homer v. Campbell*, 719 P.2d 683, 686 (Alaska 1986) (quoting *Mullane v. Cent. Hanover Bank & Tr.*, 339 U.S. 306, 314 (1950)).

[15] *Kenai Peninsula Borough v. English Bay Vill. Corp.*, 781 P.2d 6, 10 (Alaska 1989), *disapproved of on other grounds by Hatten v. Hatten*, 917 P.2d 667 (Alaska 1996).

[16] *Id.* (quoting 7 J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 60.25[2], at 60-237 to -238 (2d ed. 1985)).

[17] In her brief Connie references Civil Rule 5(f). That subsection addresses the requirements for proof of service, so it is not applicable. Civil Rule 5(b) addresses the requirements for effective service.

default application on a nonappearing party was not required.[18]  We amended the rule again in 2012 to require service on the nonappearing party, but did not cite to constitutional concerns in making this change.[19]

Our case law also supports the conclusion that the default judgment against Connie is not void.  In *Kenai Peninsula Borough v. English Bay Village Corp.* we held that failure to serve an application for default on a party was a serious procedural error, but it did not void the default judgment if the party being served had reason to know the suit against it was ongoing.[20]  Connie had reason to know the action against her was ongoing because she had been properly served with the summons and complaint.

In support of Connie's argument that her due process rights were violated, she relies heavily on two cases, but both are inapposite.  Connie first points to our decision in *Aguchak v. Montgomery Ward Co.*[21]  In that case an indigent couple living in Scammon Bay received a summons to appear in small claims court in Anchorage.[22]  The summons did not mention that the defendants had the option to respond by a written pleading.[23]  We held this deficiency in the summons violated due process because the defendants were not given sufficient information to mount a defense.[24]

---

**18**     *See* Alaska Supreme Court Order No. 787 (Dec. 15, 1986) ("Service of the application is not required if the party has failed to appear.").

**19**     Alaska Supreme Court Order No. 1771 (Apr. 16, 2012).

**20**     781 P.2d at 10-11.

**21**     520 P.2d 1352 (Alaska 1974).

**22**     *Id.* at 1353.

**23**     *Id.*

**24**     *See id.* (stating that because court did not inform "the indigent bush defendant of the right to file a written pleading," summons was not " 'reasonably calculated . . . to . . . afford him an opportunity' . . . 'to be heard at a meanin[g]ful time and in a meaningful manner' " (first quoting *Mullane v. Cent. Hanover Bank & Tr.*, 339 U.S. 306, 314 (1950); then quoting *Bush v. Reid*, 516 P.2d 1215 (Alaska 1973))).

By contrast, Connie had the necessary information to mount a defense. Connie was aware that Veral had filed for divorce because she was personally served with the complaint. She does not argue that the complaint lacked sufficient information to allow her to respond, as in *Aguchak*. And although she maintains she was too depressed to understand the importance of the complaint, the court found that assertion not credible. The *Aguchak* decision does not support Connie's claim for relief.

Connie's reliance on *State, Department of Corrections v. Kila, Inc.* is misplaced too.[25] *Kila* concerned defective service under Alaska Civil Rule 4, not Civil Rule 5.[26] These two rules cover different kinds of service. Civil Rule 4 outlines the requirements for service of a summons and complaint. Correct service of the summons and complaint is "necessary to effect personal jurisdiction," without which there is no due process.[27] In this case personal jurisdiction attached with valid service of the summons and complaint, which gave Connie notice of the action against her. *Kila* does not apply here.

Because Connie's judgment is not void, the superior court did not err by denying relief under Civil Rule 60(b)(4).

## B. The Superior Court Did Not Err By Denying Relief From Judgment Under Rule 60(b)(6).

Connie next argues that she is entitled to relief from judgment under Civil Rule 60(b)(6). A "party can invoke subsection (b)(6) only if none of the other five clauses apply and 'extraordinary circumstances' exist."[28] The superior court ruled that Connie's claim did not qualify for relief under Rule 60(b)(6) because it essentially

---

[25]    884 P.2d 661 (Alaska 1994) (holding default judgment was void for improper service of process under Civil Rule 4).

[26]    *Id.* at 661-62.

[27]    *Id.* at 662.

[28]    *Powell v. Powell*, 194 P.3d 364, 371 (Alaska 2008) (quoting *Juelfs v. Gough*, 41 P.3d 593, 597 (Alaska 2002)).

sought relief for excusable neglect, which falls under subsection (b)(1). This ruling was correct.[29] For example, in *Rapoport v. Tesoro Alaska Petroleum Co.* a litigant sought relief from a default judgment.[30] The litigant alleged he had been too ill to respond when he was served because he was suffering from depression and other medical conditions at the time.[31] We addressed his motion under subsection (b)(1), requiring him to prove "excusable neglect."[32] Because the grounds for relief asserted by Connie fall within subsection (b)(1)'s provision for "excusable neglect," and because the time for seeking relief under that subsection had expired,[33] the superior court did not err by denying relief.

---

[29] *See, e.g.*, *Cook v. Rowland*, 49 P.3d 262, 265 (Alaska 2002) (addressing motion for relief under subsection (b)(1) when litigant alleged he failed to respond to summons because he was suffering from two gunshot wounds, recovering from surgery, and under influence of pain medication); *Lovell v. Lovell*, 645 P.2d 151, 154 (Alaska 1982) (addressing motion for relief under subsection (b)(1) when litigant alleged she had "long history of medical and psychological problems" and could not afford to travel for divorce hearing); *Gregor v. Hodges*, 612 P.2d 1008, 1010 (Alaska 1980) (addressing motion for relief under subsection (b)(1) when litigant alleged she did not understand service when bedridden and under influence of pain medication).

[30] 790 P.2d 1374 (Alaska 1990).

[31] *Id.* at 1375.

[32] *Id.* at 1377 (holding superior court did not clearly err in determining litigant's claims lacked credibility and ruling he was not entitled to relief under Rule 60(b)(1)).

[33] *See* Alaska R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the date of notice of the judgment . . . .").

Connie also argues AS 09.10.140 tolled the length of time within which she could file her Civil Rule 60(b) claim for relief. Alaska Statute 09.10.140(a) provides that if a person is "incompetent by reason of mental illness or mental disability," then the time of disability "is not a part of the time limit" for commencement of a civil action, but may not extend the time limit for "longer than two years after the disability ceases." We need not decide whether this statute applies to toll the time for

## V. CONCLUSION

We AFFIRM the superior court's order denying relief from judgment.

---

filing a motion under Civil Rule 60(b). Because the superior court did not clearly err by finding that Connie was not mentally incompetent, Connie would not qualify for tolling under AS 09.10.140(a) even if the statute otherwise applied.